## FLEETWOOD et al. v. MILWAUKEE MECHANICS INS. CO.
### No. 918.

United States District Court
W. D. Missouri, S. D.

Nov. 17, 1949.

354

Sesco V. Tipton, Springfield, Mo., for plaintiffs.

Farrington & Curtis, Springfield, Mo., for defendant.

REEVES, Chief Judge.

The only question for decision in this case is whether an amendment of a complaint in a state court was validly made. There was a diversity of citizenship and the suit as originally filed in the state court sought an amount below the jurisdiction of this court. After the issues were made up counsel for plaintiffs amended the petition or complaint so as to increase the amount in controversy to an amount within the jurisdiction of this court. Thereupon the defendant took appropriate steps for removal. The amended complaint, or petition, filed by the plaintiffs contained a recital that the amended pleading was filed by leave of court. This was an attempt to conform to the provision of Mo. R.S.A. § 847.81. Pertinent provision of said section is as follows: "A party may amend his pleading as a matter of course at any time before a responsive pleading is filed and served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; * * *."

In this case, immediately upon filing the complaint, the defendants took steps to remove. It appears from the statement of the parties that leave of court had not in fact been obtained for the filing of the amended petition. It is the contention of counsel that such petition is void and that permission to withdraw it should be granted. If granted, it would leave this court without jurisdiction.

1. When the plaintiff served upon defendant's counsel a copy of the amended complaint containing a recital that leave of court had been obtained to file it, it was then within the right of the defendant to take steps to remove the case. Counsel for the defendants properly relied upon the correctness of the averments contained in the complaint to the effect that leave of court had been obtained to file such amended complaint. Plaintiffs would be estopped here to deny that leave of court had not in fact been obtained.

2. It is the rule that liberality in the matter of amendments will be upheld by the courts. 49 C.J. Sec. 582, p. 466; Scullin Steel Co. v. Mississippi Valley Iron Co., 308 Mo. 453, 273 S.W. 95; Quaker City Cab Co. v. Fixter, 3 Cir., 4 F.2d 327.

3. Furthermore, the court may waive a requirement imposed as a condition for amendment. 49 C.J. Sec. 741, p. 547. Apparently from the silence of the state court there was a waiver of the statutory requirements.

4. Moreover, the statute provides that leave of court must be had after the issues are made up for filing an amendment, but such amendment, in the alternative, might be made "by written consent of the adverse party". In this case the record is teeming with suggestions that the adverse party was consenting to the filing of the amended petition, and since it was filed, even the adverse party would be estopped to deny that written consent was given in view of the action immediately taken thereafter by the defendants.

It would follow that the motion to remand should be and will be overruled.