Helen A. Collins filed suit in the Circuit Court of Lauderdale County, Mississippi, against Lynda Sue Black for personal injuries sustained in an automobile collision.
The trial court directed a verdict in favor of Collins on the issue of liability and submitted to the jury the issue of damages. The jury returned a verdict in favor of the plaintiff for $1,138.60 in actual damages and $5,000.00 punitive damages.
Following the entry of final judgment on the jury verdict, a series of post-judgment events transpired:
 CHRONOLOGY OF POST-JUDGMENTDATE EVENTS 
February 6, 1979 Jury Verdict is returned for $1,138.60 actual damages and $5,000 punitive damages.
February 8, 1979 Final judgment on jury verdict is entered for $1,138.60 actual damages, $5,000 punitive damages and all costs.
February 9, 1979 Plaintiff files motion for additur.
February 14, 1979 Plaintiff files motion for a new trial.
February 14, 1979 Defendant files motion for remittitur as to punitive damages.
February 25, 1979 Following an extended hearing the court entered order granting additur as to actual damages and remittitur as to punitive damages. The trial court thereby held that the actual damages ($1,138.60) were inadequate as contrary to the overwhelming weight of the evidence and failed to take into account the physical pain and mental suffering experienced by plaintiff. The trial court also held that the punitive damages ($5,000) were excessive and contrary to the overwhelming weight of credible evidence and that there was insufficient evidence to support the defendant's ability to pay same and the court was of the opinion that the $5,000 punitive damages award was intended to be actual damages beyond the court's instruction that it must award at least $1,138.60. Thus an additur of $5,000 was granted respecting the actual damages increasing them to $6,138.60 and a remittitur of all punitive damages ($5,000.00) was granted. The parties were given one week in which to make known their election respecting the suggested additur and the suggested remittitur.
February 20, 1979 Plaintiff files motion for new trial as to damages only.
February 22, 1979 Defendant files defendant's acceptance agreement of additur unqualifiedly accepting additur of $5,000 and agreeing to suffer judgment for acutal damages in the amount of $6,138.60.
February 22, 1979 Plaintiff files plaintiff's rejection of amount of additur accepting additur "in principal" but rejecting the ordered amount of $5,000 as being insufficient.
February 22, 1979 Plaintiff files plaintiff's rejection of remittitur taking exception to the remittitur of $5,000 punitive damages.
February 22, 1979 An extended hearing is held and order entered entitled "Order Respecting Post-Judgment Filings, Rescinding Former Judgment and Entering Amended Judgment." By this order the trial judge adjudicated that the actual damages returned by the jury of $1,138.60 was inadequate as it failed to take into account any pain and suffering experienced but the inadequacy of actual damages was cured by the defendant's agreement to suffer additur in the amount of $5,000 thereby increasing the actual damages to $6,138.60. The trial court also held that the punitive damages awarded by the jury ($5,000) was contrary to the overwhelming weight of the credible evidence and without supporting evidence and that a remittitur of all punitive damages was proper.
 Thus an amended judgment was entered that the plaintiff recover $6,138.60 for actual damages only.
February 23, 1979 Order overruling motion for a new trial and motion for new trial as to damages only. *Page 243 
Thus, in summary, the total amount of the original jury verdict of $6,138.60 (as to which $1,138.60 had been for actual damages and $5,000 was for punitive damages) was amended to make a judgment in the aggregate amount of $6,138.60 for actual damages only.
 I.
In the first assignment of error, appellant alleges that error was committed by the trial court in refusing to permit Dr. Donald E. Cook (in the presence of the jury) to give testimony with regard to problems the plaintiff experienced in her right leg which the evidence showed was broken six months after the automobile collision between plaintiff and defendant. This assignment of error is wholly without merit.
 II.
The appellant argues in her second assignment of error that the trial court erred in granting an insufficient additur of $5,000 to the special damages of $1,138.60 and in remitting the entire amount of punitive damages ($5,000) rendered by the jury verdict.
The jury returned its verdict for actual damages in the amount stipulated to as special damages ($1,138.60) for medical bills, loss of wages and property damages, and found punitive damages in the amount of $5,000.00. Numerous post-trial motions were filed concerning the verdict rendered and the trial judge found interalia that:
(1) Punitive damages were excessive and contrary to the overwhelming weight of the credible evidence.
(2) There was no evidence to support defendant's ability to pay $5,000.00 punitive damages.
(3) That all or a substantial part of the verdict for punitive damages was intended to be for additional actual damages over and beyond the court's instruction as to the amount it must award the plaintiff.
It was against this background that the trial judge elected to remit the entire amount of punitive damages of $5,000.00 concurrently with entering an additur to the actual damages by the same amount.
The acceptance of the additur by the defendant in the amount of $5,000.00 increased the appellant's actual damages to $6,138.60.
The proof revealed that Mrs. Collins was never hospitalized as a result of the accident of April 5, 1977. While Mrs. Collins was taken to a Meridian Hospital for first aid, she was discharged within a few hours. The attending physician, Dr. William Anderson, caused her to be x-rayed and he testified that all x-rays were negative for any fracture. She had no lacerations which required suturing although she had glass particles about her face and eyes. Mrs. Collins conceded that she was completely recovered from the eye problem in a short period of time. Mrs. Collins was bruised about the arms and body but she admitted a full recovery therefrom. The accident occurred on April 5, 1977, and she returned to her work at Lockhead Aircraft Company by April 26, 1977. The stipulation that the parties had reached prior to trial included all monetary losses for medical bills, loss of wages and property damage related to the automobile accident. The only statement of damages omitted from the stipulation was for any pain and suffering that Mrs. Collins may have experienced as a result of the accident.
As to actual damages, i.e., specials and pain and suffering, the judgment of the trial court allowed the plaintiff to recover all of her specials of $1,138.60, plus the court's additur of $5,000 for pain and suffering.
After a careful review of the record, we are of the opinion that the learned trial judge was imminently correct in allowing the additur and the same is reasonable and commensurate with the proof.
As to the issue of the remittitur of punitive damages by the trial judge, the appellee-defendant concedes that the trial court erred in remitting the entire award of punitive damages of $5,000. *Page 244 
The facts were undisputed that the appellee voluntarily consumed a sufficient amount of intoxicating beverages which affected her ability to safely operate a motor vehicle, that she ran into plaintiff's vehicle, that when she did so, she was driving at an unreasonable rate of speed, on the wrong side of the highway, and did not stop after the collision.
Under the above circumstances, we are of the opinion that the trial court improperly disallowed the jury verdict of $5,000 in punitive damages. It is the long settled and uniformly adhered to rule in our jurisprudence that the amount of punitory or exemplary damages is solely within the discretion of the jury, and, no matter what the sum of their finding might be, interference therewith, unless for exceptional causes, is discouraged. Standard Life Insurance Co. of Indiana v. Veal,354 So.2d 239 (Miss. 1978); Yazoo and Mississippi ValleyRailroad Co. v. May, 104 Miss. 422, 61 So. 449 (1913); NewOrleans, Jackson, and Great Northern Railroad Co. v. Hurst,36 Miss. 660 (1859).
Also, the pecuniary ability to respond to a verdict for punitive damages may be considered by a jury, but it is not the sole factor to be considered by them. Allen v. Ritter,235 So.2d 253 (Miss. 1970). Therefore, the jury verdict as to punitive damages in the amount of $5,000.00 is reinstated.
For the above and foregoing reasons, the judgment of the trial court for actual damages in the amount of $6,138.60 is affirmed; the judgment of the trial court remitting the jury verdict of $5,000.00 for punitive damages is reversed and the punitive damages' award of $5,000.00 is reinstated.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.