**Dorothy L. ANDREWS, Plaintiff,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY and Paul Stroud, Defendants.**

**Civ. A. No. J91–0624(W).**

United States District Court,
S.D. Mississippi,
Jackson Division.

April 28, 1992.

---

David F. Baughn, John S. Price, Jr., Vicksburg, Miss., for plaintiff.

Carey E. Bufkin, Eugene R. Naylor, Jackson, Miss., for defendants.

## ORDER AFFIRMING REMAND

WINGATE, District Judge.

Before the court is the motion of the defendant, United States Fidelity & Guaranty Company (USF & G), to set aside the order of remand entered by the Magistrate Judge. USF & G asserts that the plaintiff's motion for remand was untimely. Moreover, says USF & G, the joinder of Paul Stroud as a party defendant is fraudulent and nothing more than an attempt to defeat complete diversity and the jurisdiction of this court. The court has reviewed the order of the Magistrate Judge and the briefs of counsel and finds that the order remanding this matter to state court should be affirmed.

## UNTIMELINESS

Title 28 U.S.C. § 1447(c), which was amended in 1988, provides in pertinent part:

(c) A motion to remand the case on the basis of *any defect in removal procedure* must be made within **30 days** after filing the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

It is undisputed that plaintiff filed this action in the Circuit Court for the Second Judicial District of Hinds County on September 24, 1991. USF & G was served with process prior to service being effectuated on Paul Stroud. After receiving service of process, USF & G immediately removed the case to this court alleging diversity jurisdiction on October 25, 1991.[1] Paul Stroud was served with state court process shortly afterwards. Plaintiff moved to remand the case to state court on December 13, 1991, 49 days after removal. According to USF & G, this motion comes too late. However, according to the most recent pronouncement by the United States Court of Appeals for the Fifth Circuit, the 30–day time limit in § 1447(c) only applies to defects in removal procedural which are non-jurisdictional. *See In re Shell Oil Company*, 932 F.2d 1518, 1522 (5th Cir.1991).

*In re Shell Oil Company* involved a motion to remand brought by the plaintiffs pursuant to 28 U.S.C. § 1441(b) which provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

The plaintiffs, all citizens of Costa Rica, sued Shell Oil Company and several other United States corporations in the State of Texas for injuries alleged to have arisen from the defendants' use of chemicals. The defendants removed the case to federal court, asserting jurisdiction based on diversity of citizenship. Although complete diversity between plaintiffs and defendants existed, Shell Oil Company was a citizen of the forum state, Texas. Plaintiffs sought to remand to state court based on Shell Oil Company's Texas citizenship pursuant to § 1441(b). However, the plaintiffs' motion was not made within thirty days as required by 28 U.S.C. § 1447(c). The federal district court remanded the case to state court, and defendants applied to the Fifth Circuit for a writ of mandamus compelling the district court to recall its remand order. The Fifth Circuit, after determining that a remand order based on § 1441(b) was reviewable, found that plaintiffs' untimely motion to remand resulted in waiver of the § 1441(b) defect in removal procedure.

But, on its heading to this conclusion the Court reviewed the scope and thrust of § 1447(c) and along the way noted the observations of legal scholars Professors Moore, Wright and Miller as follows:

Professor Moore further explains that the new text of § 1447(c) "makes a distinction between formal defects in removal procedure [and] lack of subject matter jurisdiction." Professors Wright and Miller agree. They state that the amendment to § 1447(c) "requires remand *on any ground other than lack of subject matter jurisdiction* to be sought within 30 days of the filing of a notice of removal." Wright & Miller, *supra,* § 3739, at 95 (2d ed. Supp.1990) (emphasis added); *see also House Report, supra,* at 72 (remand must be sought within 30 days "on any ground other than lack of subject matter jurisdiction").

The Court then concluded:

But we are persuaded by the language of the House report and the commentators that "any defect in removal procedure" includes all *non-jurisdictional defects* existing at the time of removal.

*In re Shell Oil Co.,* 932 F.2d at 1522 (emphasis added).

Plaintiff in the case *sub judice* seeks remand based upon lack of complete diversity, a defect in removal which is, of

---

1. 28 U.S.C. § 1446(b) provides:

(b) The notice of removal of a civil action or proceeding shall be filed *within* **thirty days** *after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon* *which such action or proceeding is based,* or within **thirty days** after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

course, jurisdictional. This court may not take jurisdiction of any matter where one of the plaintiffs and one of the defendants are residents of the same state. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992); *Ziegler v. Champion Mortgage Company*, 913 F.2d 228 (5th Cir.1990); *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir.1974), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Therefore, inasmuch as the plaintiff seeks remand based upon lack of complete diversity, the matter in question is one of subject matter jurisdiction and the thirty-day time limit in 28 U.S.C. § 1447(c) does not apply.

### FRAUDULENT JOINDER

USF & G additionally argues that the plaintiff's complaint fails to seek a joint judgment against both defendants. Therefore, says USF & G, Stroud is fraudulently joined in the lawsuit. USF & G cites several cases from other jurisdictions holding that joinder is a sham when the plaintiff has no real intent to seek judgment from the in-state defendant. *See Scientific Computers, Inc. v. Edudata Corp.*, 596 F.Supp. 1290, 1292 (D.C.Minn.1984); *Marquette National Bank of Minneapolis v. First National Bank of Omaha*, 422 F.Supp. 1346, 1350 (D.C.Minn.1976); *Bolstad v. Central Surety and Insurance Corp., et al.*, 168 F.2d 927, 930 (8th Cir. 1948); *Huffman v. Baldwin*, 82 F.2d 5, 7 (8th Cir.1936). Citing *Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2nd*, Section 3723, pp. 347–353.

■ This principle of fraudulent joinder is also recognized in the Fifth Circuit. The general rule here is that fraudulent joinder may be found only if the plaintiff has no possibility of establishing a valid cause of action against the in-state defendant. *See Laughlin v. Prudential Insurance Company*, 882 F.2d 187, 190 (5th Cir.1989), stating the general rule. For instance, in *Parks v. New York Times Company*, 308 F.2d 474 (5th Cir.1962), the Fifth Circuit stated, "there can be no fraudulent joinder unless it be clear that there can be no

recovery under the law of the state on the cause alleged, or on the facts in view of the law as they may exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming." *Id.*, at page 478.

■ So, even if it is arguable whether a complaint plainly expresses the plaintiff's intention to obtain a joint judgment, before a court may declare fraudulent joinder, the court must find that there is no possibility that the plaintiff could establish a cause of action against the in-state defendant. *Green v. Amerada Hess Corporation*, 707 F.2d 201, 205 (5th Cir.1983), *reh. denied*, 714 F.2d 137, *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984).

■ The court has reviewed the plaintiff's complaint in order to determine whether the establishment of a cause of action against Paul Stroud is at least possible. The complaint is styled as a cause of action against USF & G and Paul Stroud. Paragraph 2 of the complaint names Paul Stroud as, "an adult resident citizen of Scott County, Mississippi who may be served with process at his residence ..." Paragraph 8 of the complaint states, "that Stroud, indicated by the operation of his automobile as aforesaid, in (sic) utter disregard for the safety of Plaintiff and others and such is gross negligence on his part that would entitle Plaintiff to an award of punitive damages herein in addition to her actual damages." Under Mississippi law, punitive damages may be had against the driver of a vehicle when it is shown that the driver's conduct was grossly or recklessly negligent, willful, and in total disregard for the safety of others. *See Anderson v. Eagle Motor Lines, Inc.*, 423 F.2d 81, 84 (5th Cir.1970); *Collins v. Black*, 380 So.2d 241 (Miss.1980), holding that the trial court improperly disallowed a punitive damages instruction in the face of evidence showing reckless conduct on the part of the defendant-driver. Finally, the last paragraph of the complaint states, "Wherefore, Plaintiff demands judgment of and from

the Defendant in the amount of $1,250,-000.00, for actual damages, together with an amount of punitive damages to be determined, together with all costs of Court accruing."

Before this court may declare fraudulent joinder, all factual allegations made by plaintiff must be viewed in her favor, all uncertainties as to the current state of the law must be resolved in her favor, and the court must find no possibility that she can establish a cause of action in state court against Paul Stroud. *Green v. Amerada Hess Corporation, supra; B., Inc. v. Miller Brewing Company,* 663 F.2d 545, 549 (5th Cir.1981). Having resolved the factual allegation in plaintiff's favor, the court is unable to state with certainty that there is no possibility that a cause of action may be made against Paul Stroud. Therefore, the order of the Magistrate Judge remanding the above styled and numbered cause to the Circuit Court for the Second Judicial District of Hinds County, Mississippi is hereby affirmed.

SO ORDERED.