**Tiffany HORTON, Individually and On Behalf of Her Deceased Daughter Cladisha Horton, and On Behalf of All Wrongful Death Beneficiaries of Cladisha Horton, Plaintiff,**

v.

**SCRIPTO–TOKAI CORPORATION and Capitol Tobacco & Specialty Company and Doe, Inc., 1–10, Defendants.**

**Civ. A. No. 3:94–cv414WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 9, 1995.

Shane F. Langston, Jackson, MS, for plaintiff.

Ross F. Bass, Jr., Jackson, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the plaintiff, Tiffany Horton, to remand this matter to the Circuit Court for the First Judicial District of Hinds County where the case originated before defendants Scripto–Tokai Corporation ("Scripto") and Sysco Corporation d/b/a Cochran–Sysco Food Services ("Sysco") removed it here under Title 28 U.S.C. 1441[1] and 1446.[2] Also before the court is defendant Scripto's motion to strike and retain jurisdiction of this matter. Submitted pursuant to Title 28 U.S.C. § 1447(c),[3] plaintiff's motion to remand contends that complete diversity does not exist in this case because Mississippi residents are on both sides of this litigation.

Defendants take issue with plaintiff's motion and assert the following: firstly, that plaintiff's motion to remand was not timely filed; secondly, that the originally-named non-diverse defendant in this action was fraudulently joined by plaintiff; thirdly, that this court's diversity of citizenship jurisdiction was confirmed when, after removal, plaintiff voluntarily dismissed this non-diverse defendant; and, fourthly, that plaintiff's amendment of her complaint to add a different non-diverse defendant was improper and did not deprive this court of diversity jurisdiction.

After briefing was complete, this court allowed oral argument in this matter. For the reasons which follow, this court is persuaded to grant plaintiff's motion to remand this matter to state court and to deny defendant's motion to strike and to retain jurisdiction of this matter.

Plaintiff filed this wrongful death action on June 30, 1994, in the Circuit Court of Hinds County, First Judicial District, seeking recovery of damages for the death of her daughter, Cladisha Horton, who was killed in a house fire allegedly caused by a defective Scripto lighter. Named as defendants were Scripto–Tokai Corporation ("Scripto"); Sysco Corporation d/b/a Cochran–Sysco Food Services ("Sysco"); Wydett Hawkins d/b/a Wasco Town Enterprises; and Doe,[4] Inc., 1–10, unknown individuals, corporations, and other entities that participated in the design, manufacture, and marketing of the subject Scripto lighter. Scripto, a Delaware corporation, is the manufacturer of the defective lighter. Sysco, a foreign corporation, was originally believed to be the distributor of the lighter. Wydett Hawkins, a Mississippi resident, was the retailer and/or distributor of the lighter.

Defendant Scripto filed a Notice of Removal pursuant to Title 28 U.S.C. § 1441 and 1446 with this court on July 18, 1994, alleging that the sole non-diverse defendant, Wydett Hawkins, was fraudulently joined in order to defeat diversity jurisdiction. Sysco joined in the removal.

Shortly after filing the original complaint in this cause, plaintiff learned that Capitol Tobacco & Specialty Company ("Capitol Tobacco"), not Sysco, was the distributor of the defective product. So, on July 19, 1994, plaintiff filed an amended complaint naming as defendants Scripto, Capitol Tobacco, and Doe, Inc., 1–10. Capitol Tobacco is a Missis-

---

1. Title 28 U.S.C. § 1441(a) provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. Title 28 U.S.C. § 1446(a) provides that "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice or removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and con-

tain a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served on such defendant or defendants in such action."

3. Title 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded...."

4. For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded, 28 U.S.C. § 1441(a).

sippi corporation. Plaintiff also filed a notice dismissing without prejudice defendants Wydett Hawkins d/b/a Wasco Town Enterprises and Sysco.

Capitol Tobacco filed its answer to the amended complaint in August, 1994. Defendant Scripto filed its answer and counterclaim on August 26, 1994. In its counterclaim, Scripto named as an indispensable party defendant Jacqueline Horton, a resident of Jackson, Mississippi. Jacqueline Horton, the sister of Tiffany Horton, also lived at the house where the fire occurred. Her son, Demond Horton, was killed and her other son, Justin Horton, was injured by the fire.

On August 30, 1994, plaintiff moved to remand this case to state court. This motion was filed 42 days after the notice of removal.

### TIMELINESS

■ Scripto alleges that plaintiff's motion to remand is untimely in that it was not filed within the 30–day period prescribed by 28 U.S.C. § 1447(c), but instead filed 42 days after defendants' Notice of Removal. The court disagrees with Scripto. Plaintiff's motion is not grounded on a "defect in the removal procedure" under § 1447(c) as Scripto alleges. Rather, plaintiff's motion is grounded on the theory that this court lacks subject matter jurisdiction because of the absence of complete diversity. Unlike defects involving procedural matters, lack of subject matter jurisdiction may be raised at any time, and the 30–day period of § 1447 is not applicable.

In *Andrews v. United States Fidelity and Guaranty Corp.*, 789 F.Supp. 784 (S.D.Miss. 1992), this court expounded on this point. In *Andrews*, the victim in an automobile accident filed suit against USF & G and the driver of the other car. USF & G removed the case on the ground that the defendant driver was fraudulently joined. Forty-nine days after removal, plaintiff moved for a remand on the ground that the defendant driver was a proper party to the case, and, therefore, the federal court lacked subject matter jurisdiction due to a lack of complete diversity between the defendants. Finding

that remand was proper and that the 30–day time limit did not apply, this court stated:

> Plaintiff in the case sub judice seeks remand based upon lack of complete diversity, a defect in removal which is, of course, jurisdictional. This court may not take jurisdiction of any matter where one of the plaintiffs and one of the defendants are residents of the same state. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992); *Ziegler v. Champion Mortgage Company*, 913 F.2d 228 (5th Cir.1990); *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir.1974), *cert. denied*, 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Therefore, inasmuch as the plaintiff seeks remand based on lack of complete diversity, the matter in question is one of subject matter jurisdiction and the 30–day time limit in 28 U.S.C. § 1447(c) does not apply.

*Andrews*, 789 F.Supp. 784 at 786–87.

The cases cited by Scripto, *Williams v. AC Spark Plugs*, 985 F.2d 783, 787 (5th Cir.1993) ("Only in the case of a lack of subject matter jurisdiction—such as no diversity of citizenship, or absence of a federal question if that were the sole ground for removal—may the plaintiff object to removal after the thirty-day limit. Any other objection is procedural and waived after thirty days."); *In re Shell Oil*, 932 F.2d 1523 n. 6 (5th Cir.1991) ("As amended, § 1447(c) requires that motions for remand must be made within 30 days of removal, except in cases in which the court lacks subject matter jurisdiction.") and *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1546 (5th Cir.1991) (§ 1447(c) requires motions for remand to be made within thirty days of removal, except in cases in which the court lacks subject matter jurisdiction), all hold that the 30–day time limit applies only to procedural defects, not jurisdictional ones. A procedural defect, according to *Baris*, 932 F.2d at 1544, "is any defect that does not go to the question of whether the case originally could have been brought in federal district court." Of course, where subject matter jurisdiction is based solely on diversity of citizenship, the existence of a non-diverse defendant would defeat federal jurisdiction. *An-*

*drews,* 789 F.Supp. at 786; *see also Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). Accordingly, this court finds that pursuant to § 1447(c) plaintiff's motion to remand is timely.

### WAS WYDETT HAWKINS FRAUDULENTLY JOINED?

■ Scripto's notice of removal was based on the alleged fraudulent joinder of defendant Wydett Hawkins ("Hawkins"). Scripto argues that Hawkins was fraudulently joined because he was not served with summons. This argument does not support removal. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939) (mere fact that non-diverse defendant has not been served does not justify removal); *Castner v. Exxon Co. U.S.A.,* 563 F.Supp. 684, 687 (E.D.Pa.1983) (fact that defendant residing in same state as plaintiff had not yet been served did not mean that federal district court could ignore his residency in determining jurisdiction); *Pecherski v. General Motors Corp.,* 636 F.2d 1156, 1160 (8th Cir. 1981) (in determining propriety of removal, courts must consider all named defendants regardless of service); *Doe v. Armour Pharmaceutical Co.,* 837 F.Supp. 178, 186 n. 1 (E.D.La.1993); *Aydell v. Sterns,* 677 F.Supp. 877, 881 (M.D.La.1988) ("The simple fact that a resident defendant has not yet been served does not, in and of itself, entitle a non-diverse defendant to remove."); *Doe,* 837 F.Supp. at 186 n. 1 (same).

Moreover, it appears that at the time of removal Hawkins was a proper party to the lawsuit. Hawkins was sued as the retailer and/or distributor of the lighter. Nevertheless, defendant says that Hawkins was fraudulently joined.

■ Mere allegations of fraudulent joinder standing alone are not sufficient to divest the state court of jurisdiction over this matter. A claim of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice; the showing must be such as compels the conclusion that the joinder is without right or made in bad faith." *Chesapeake & Ohio Ry. Co. v. Cockrell,* 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544 (1914).

■ The defendant must show by clear and convincing evidence that there is no arguably reasonable basis for predicting that state law might impose liability on the defendants. *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 117 (5th Cir.1979); *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir.1983), *cert. denied,* 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984); *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989). If there is any doubt as to whether a plaintiff has stated a claim against the non-diverse defendant, the joinder is not fraudulent. *Parks v. New York Times Co.,* 308 F.2d 474 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964), *citing* Moore's Commentary on the United States Judicial Code, Par. 0.03(35), pp. 234–236. All doubts are to be resolved in favor of the non-removing party. *LeJeune v. Shell Oil Co.,* 950 F.2d 267 (5th Cir.1992); *Laughlin,* 882 F.2d at 190; *Wheeler v. Frito–Lay, Inc.,* 743 F.Supp. 483, 485 (S.D.Miss.1990). All ambiguities in "the controlling state law" must be resolved in favor of the plaintiff. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990). If there is any "reasonable basis for predicting that the state law might impose liability," then the plaintiff must receive the benefit of the doubt and the cause must be remanded. *Dees v. American Cyanimid Co.,* 296 F.Supp. 615, 618–19 (S.D.Miss.1969).

■ It appears that under Mississippi law both retailers and distributors may be held accountable in a products liability case. The Mississippi Supreme Court has held that the sellers of a product may be held accountable under a products liability theory. Retailers may be accountable under a products liability claim if (1) plaintiff was injured by the product, (2) the injury resulted from a defect in the product which rendered it unreasonably dangerous, and (3) the defect existed at the time it left the hands of the

seller. *Coca Cola Bottling Co., Inc. v. Reeves,* 486 So.2d 374 (Miss.1986). Accordingly, since plaintiff in the case *sub judice* must show only a possibility of recovery, and not certainty of recovery, against the non-diverse defendant, *Green v. Amerada Hess, supra,* this court finds that Hawkins was not fraudulently joined.

### EFFECT OF DISMISSING HAWKINS

■ So, as explained by the foregoing discussion, at the time of removal on July 18, 1994, Hawkins was a proper party to this lawsuit, a finding that would preclude federal diversity jurisdiction. However, on July 19, 1994, one day after defendants had removed this case to this court, plaintiff dismissed Hawkins, the sole non-diverse defendant, from this lawsuit. No one disputes that plaintiff's amendment of her complaint was undertaken voluntarily. The immediate effect of plaintiff's actions as it impacted on removal was to convert a non-removable case to a removable one. An action not removable as originally filed must remain in state court unless the plaintiff does something voluntarily to change the nature of the case and render it removable. *Self v. General Motors Corp.,* 588 F.2d 655, 657 (9th Cir.1978); *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547 (5th Cir.1967). Voluntary dismissal by a plaintiff of all defendants whose citizenship is not diverse from that of the plaintiff, through settlement or otherwise, renders the case removable by any remaining defendants whose citizenship is diverse. *Higgins v. Pittsburgh–Des Moines Co.,* 635 F.Supp. 1182 (S.D.Tex.1986). This observation is confirmed by Title 28 U.S.C. § 1446(b) which states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it

may first be ascertained that the case is one which is or has become removable, ...

So, plaintiff's voluntary dismissal of Hawkins, the sole original non-diverse defendant, from this lawsuit transformed this case from one not proper for removal to one that met the removal prerequisite of diversity of citizenship.

### EFFECT OF ADDING CAPITOL TOBACCO

Prior to defendants' filing of a responsive pleading, plaintiff amended her complaint purportedly under Fed.R.Civ.P. 15(a).[5] In her First Amended Complaint, plaintiff substituted Capitol Tobacco as the true distributor in place of the misidentified distributor, Sysco, and dismissed Hawkins without prejudice. Capitol Tobacco is a Mississippi company whose continued presence would destroy diversity jurisdiction because plaintiff, too, is a Mississippi resident.

Neither Scripto nor Capitol Tobacco formally objected to the filing of the amended complaint adding Capitol Tobacco as a party. Neither filed a motion to dismiss or strike on grounds that the filing of the amended complaint was improper. Both answered the amended complaint. Plaintiff now argues that this conduct by Scripto and Capitol Tobacco constitutes a waiver of any objection the pair might now submit to the addition of Capitol Tobacco as a defendant. Plaintiff cites in support of her argument the following cases: *Micromedia v. Automated Broadcast Controls,* 799 F.2d 230, 233 (5th Cir. 1986) (plaintiff amended complaint to comply with Texas long arm statute; defendant failed to object to amended complaint, thereby waiving objection to lack of service); *MGB Homes, Inc. v. Ameron Homes, Inc.,* 903 F.2d 1486, 1489 n. 5 (11th Cir.1990) (while there was some question as to whether defendant Ameron was properly served, defendant did not object to amended complaint, thus, any objection was waived); *Fleetwood*

---

5. Rule 15(a) provides:

(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

*v. Milwaukee Mechanics Ins. Co.*, 87 F.Supp. 353 (W.D.Mo.1949) (same); *Magnetic Engineering & Mfg. Co. v. Dings Magnetic Separator Co.*, 86 F.Supp. 13 (S.D.N.Y.1949) (plaintiff sought to amend complaint; defendant argued dismissal on the basis of the original and proposed amended complaint, thereby waiving any objection to the amended complaint).

Plaintiff concludes that under Rule 15(a) she properly exercised her unqualified right to amend her complaint before a responsive pleading is filed. Even if the amendment were subject to attack, plaintiff says that the defendants, by answering the amended complaint without voicing any objections to the amendment, have waived the objections now being made.

██ This court disagrees with plaintiff's view of the latitude the Rules of Civil Procedure provide for amendment of a complaint under these circumstances. Plaintiff argues that the amendment of her complaint to add Capitol Tobacco was proper pursuant to Rule 15(a) and that she did not need leave of court to do so, citing *McLellan v. Mississippi Power & Light Co.*, 526 F.2d 870 (5th Cir.1976), *rev'd other grounds*, 545 F.2d 919 (5th Cir.1977). However, *McLellan* stands only for the narrow proposition that where an amendment of an additional party is made pursuant to Rule 15(a) in order to state a cause of action and preserve the court's jurisdiction, and there is no prejudice to other parties, Rule 15 takes precedence over Rule 21. *Id.* at 873; *Dayton Indep. School Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1066–67 (5th Cir.1990). Where the addition of a party will destroy the court's jurisdiction and prejudice the other party, the general rule prevails that leave of court is necessary. 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil*, § 1477, at 562 (2d ed. 1990) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.").

The removal statute also requires such permission. Title 28 U.S.C. § 1447(e) states in pertinent part:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

### SHOULD THE COURT ALLOW PLAINTIFF TO ADD CAPITOL TOBACCO?

██ In the case of *Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir.1987), *appeal after remand*, 869 F.2d 879 (5th Cir. 1989), *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989), the Fifth Circuit, faced with a Rule 15(a) amendment to a complaint which added a non-diverse party after the case had been removed to federal court, stated that:

We are confronted with competing interests. On one hand, there is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources. On the other side, the diverse defendant has an interest in retaining the federal forum. Indeed, the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum. We conclude that the balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party. Instead, the district court, when confronted with an amendment to add a non-diverse non-indispensable party, should use its discretion in deciding whether to allow that party to be added. *Accord, Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371 (9th Cir. 1980); *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619 (S.D.N.Y.1984); *Grogan v. Babson Brothers Co. of Illinois*, 101 F.R.D. 697 (N.D.N.Y.1984). If the court grants the joinder, it must, under 1447(c) and *Thermtron*,[6] remand the case to state court. If it denies the joinder, it cannot remand.

Because the court's decision will determine the continuance of its jurisdiction, the addition of a non-diverse party must not be permitted without consideration of the

---

**6.** *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

original defendant's interest in the choice of forum. The district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, *the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities* (emphasis added). The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the non-diverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

833 F.2d at 1182.

In the instant case, this court is persuaded that plaintiff did not join Capitol Tobacco to defeat this court's jurisdiction. Here, plaintiff amended her complaint to add Capitol Tobacco as a defendant when she learned that Capitol Tobacco, rather than Sysco, the party named in her original complaint in state court, distributed the cigarette lighter which allegedly caused the fire that killed her daughter. This court is convinced that the aim of plaintiff's amendment was directed to the inclusion of the proper parties, as opposed to the exclusion of federal jurisdiction.

Secondly, this court finds that plaintiff was not dilatory. By all accounts, plaintiff amended her complaint as soon as she discovered the new information and the timing of the amendment, one day after this case was removed to this court, was merely coincidental.

Thirdly, this court finds that plaintiff will be significantly injured if she is not allowed to amend her complaint to add Capitol Tobacco. Were this court to determine that plaintiff should not be allowed to amend her complaint, plaintiff would be forced to file a complaint against Capitol Tobacco in state court, assuming the statute of limitations would not have run on her claim. Placing plaintiff in such a predicament would be a waste of judicial economy because plaintiff would unnecessarily be required to litigate the same action twice.

Then, there is the "indispensable party issue. Defendants argue that this court should not allow plaintiff to add Capitol Tobacco because Capitol Tobacco is not an indispensable party. According to the *Hensgens* decision, the question whether Capitol Tobacco is an indispensable party should not be the primary focus of courts addressing questions of joinder of parties and remand. Footnote one of the *Hensgens* case rejects the argument that remand should turn on whether the non-diverse party added by a Rule 15(a) amendment is an indispensable party, saying:

... we are not compelled by *Merrimack's* implication that only indispensable parties may be added, to hold otherwise. That implication in [*In re* ] *Merrimack* [*Mutual Fire Ins. Co.* ], 587 F.2d [642] at 647 & 647 n. 8, [ (5th Cir.1978) ] was dictum since the court's holding, not issuing the writ of mandamus which allowed the remand order to stand, did not in any way depend on that implication. *See IMFC Professional Services* [*of Florida Inc. v. Latin American Home Health Inc.*], 676 F.2d [152] at 159 n. 14 [ (5th Cir.1982) ] (recognizing the *Merrimack* statement as dictum and stating "we reserve for decision when the issue is squarely presented whether a district court may allow joinder of a non-diverse party who *is not indispensable even though such joinder may result in remand*."). Since the *Merrimack* implication was dictum, we are not bound by it. *Cosden Oil & Chemical Co. v. Karl O. Helm Aktiengesellschaft,* 736 F.2d 1064, 1070 n. 7 (5th

Cir.1984); *Curacao Drydock Co. v. M/V Akritas,* 710 F.2d 204 (5th Cir.1983). 833 F.2d at 1182. Nevertheless, the defendants have asked this court to strike Capitol Tobacco for this very reason, suggesting that Capitol Tobacco should be stricken because it is ultimately Scripto which must respond to the plaintiff's claims under Mississippi law, not Capitol Tobacco.

Scripto says that it is statutorily bound to indemnify any liability Capitol Tobacco may be found to have in this matter. Scripto refers to Miss.Code Ann. § 11–1–63(g)(i) which provides in part that, "[t]he manufacturer of a product who is found liable for a defective product ... shall indemnify a product seller (such as Capitol Tobacco) for the costs of litigation, any reasonable expenses, reasonable attorney fees, and any damages awarded by the trier of fact *unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm* ... (emphasis added)." Additionally, Scripto says that it is contractually bound to indemnify Capitol Tobacco if it, as the retailer-seller, is found to have any liability. That contract, if there is one, is not in the record at this time.

According to Scripto, Capitol Tobacco merely received pre-packaged lighters and sold them. Capitol Tobacco, says Scripto, did not exercise any control over the design, testing, manufacturing, packaging, or labeling of the cigarette lighters in question; did not modify any lighters; did not have any knowledge of any defective condition; and made no representations about the lighters.

This is, of course, only one side of a legal argument. The defendants are required to and must show that there is no possibility that the plaintiff would be able to establish a claim against Capitol Tobacco in state court. *Laughlin v. Prudential Insurance Company,* 882 F.2d 187, 190 (5th Cir. 1989); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981); *Gray v. United State Fidelity and Guaranty,* 646 F.Supp.

27, 29 (S.D.Miss.1986). This court, when considering a motion to remand, must evaluate the allegations in the complaint in the light most favorable to the plaintiff opposing removal and must resolve all contested issues of fact and law in plaintiff's favor. *Laughlin,* at 190; *Wheeler v. Frito–Lay, Inc.,* 743 F.Supp. 483, 485 (S.D.Miss.1990).

The above emphasized portion of Miss. Code Ann. § 11–1–63(g)(i) provides at least a possibility that the plaintiff may be able to establish a claim against Capitol Tobacco if she can establish that Capitol Tobacco had control over whatever, if anything, is ultimately found to have caused the harm. There is also the possibility that Capitol Tobacco could be shown to have altered the lighters it received by damaging them in some way and making them unsafe. There is simply not enough evidence before this court at this time to establish clearly and convincingly that Capitol Tobacco has been fraudulently joined.

Finally, defendant argues that plaintiff should not have amended her complaint pursuant to Rule 15(a). Instead, says defendant, plaintiff should have brought Capitol Tobacco into this action pursuant to Rule 21.[7] In the instant case, it is of no import which rule was employed to bring Capitol Tobacco into this action. If plaintiff had sought to add Capitol Tobacco pursuant to Rule 21, this court would have permitted her to do so.

For the foregoing reasons, this court finds that justice mandates that plaintiff be allowed to amend her complaint to add Capitol Tobacco as a defendant in this matter. Of course, Capitol Tobacco's entry into this lawsuit destroys diversity jurisdiction.

### CONCLUSION

Satisfied that the diversity-of-citizenship prong under 28 U.S.C. § 1332 is here absent, this court thus remands this matter to the Circuit Court for the First Judicial District of Hinds County. Plaintiff's motion to remand is well taken and hereby is granted.

7. Rule 21 of the Federal Rules of Civil Procedure provides that "[m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

Defendants' motion to strike and retain jurisdiction is not well taken and hereby is denied.

**SO ORDERED AND ADJUDGED.**