Brenda McCURTIS, Administratrix of
the Estate of Woodrow McCurtis,
Deceased, Plaintiff,

v.

DOLGENCORP, INC. and Ann
Dukes, Defendants.

Civil Action No. 4:96CV139LN.

United States District Court,
S.D. Mississippi,
Eastern Division.

June 9, 1997.

Thomas Q. Brame, Jr., Brame Law Office, Bay Springs, MS, for Plaintiff.

Douglas G. Mercier, Shell, Buford, Bufkin, Callicutt & Perry, Jackson, MS, Roger C. Riddick, Upshaw, Williams, Biggers, Beckham & Riddick, Jackson, MS, James Jerry Langford, Kenna L. Mansfield, Jr., Wells, Marbi & Hurst, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

This cause is before the court on a motion of plaintiff Brenda McCurtis, Administratrix of the Estate of Woodrow McCurtis, to remand this case to state court; a motion by defendant Ann Dukes for summary judgment; a motion by plaintiff to amend the complaint; and a motion by defendant Dolgencorp, Inc. to amend the case management plan order. The court has considered these various motions and the memoranda submitted by the various parties relating to the motions, and concludes that the motion to amend should be granted in part, the motion to remand should be denied, the motion for summary judgment by defendant Dukes should be granted, and finally, the motion to amend the case management plan order should be granted as set forth herein.

Plaintiff Brenda McCurtis, as Administratrix of the Estate of her deceased husband, Woodrow McCurtis, filed this wrongful death products liability action against Dolgencorp, Inc. and Ann Dukes alleging that her husband died as the proximate result of a defectively designed cigarette lighter manufactured by Dolgencorp and purchased by Woodrow McCurtis at a local Dollar General Store which was owned by Dolgencorp and of which Dukes was allegedly the general manager. The complaint alleges that Mr. McCurtis purchased a package of cigarette lighters at the Dollar General Store in Raleigh, Mississippi on October 22, 1993; he opened the package, took out one of the lighters and used it several times to light cigarettes. That night, he fell asleep with the lighter in a pocket of his clothing. Unbeknownst to him, the valve which releases butane opened or leaked causing butane to seep into his clothes so that when he took it out the following morning and attempted to light a cigarette with the lighter, the lighter ignited the butane in his clothes causing him to suffer severe burns. Mr. McCurtis was transported to the Burn Center at Delta Regional Medical Center in Greenville, where he died sixteen days later, on November 9, 1993.

Brenda McCurtis, a Mississippi resident as was her husband, filed this suit on October 22, 1996 in the Circuit Court of Jasper County naming as defendants Dolgencorp, a nonresident corporation, and Ann Dukes, a Mississippi resident, alleging that the butane leaked from the cigarette lighter due to a design defect, in that the lighter did not have a safety lock or mechanism to prevent the cigarette lighter from inadvertently opening. The complaint set forth three counts, the first against "[t]he Defendant, Dolgencorp," for its negligence in the design of the product, the second against "[t]he Defendant" for strict liability for having "designed and injected into the stream of commerce" defective cigarette lighters, and the third against "Defendants" for breach of warranties of merchantability. Dolgencorp timely removed the case to this court pursuant to 28 U.S.C. § 1441, contending that Dukes had been fraudulently joined by plaintiff to defeat diversity jurisdiction. Plaintiff seeks to have the case remanded to state court, arguing that she has a viable cause of action against Dukes since it is specifically alleged that Dukes was the general manager of the Raleigh Dollar General store at which Mr. McCurtis purchased the lighter and because Dukes has admitted that it is possible that she could have been the cashier working the register when Mr. McCurtis purchased the package of lighters on October 22, 1993. Plaintiff thus concludes that Dukes, particularly since she could have been the person who actually sold the lighter to Mr. McCurtis, must be considered a "seller" of the

product for strict liability purposes.[1] Dukes, however, contends, and has moved for summary judgment on the basis of her contention that she was not a "seller" within the contemplation of Restatement (Second) of Torts, § 402A, and hence she is not properly subject to a strict liability cause of action.

■ The court is quite familiar with the analysis applicable to questions of fraudulent joinder, as are the parties: "[A]fter all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non–removing party, the Court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990). The court may find fraudulent joinder "only if it concludes that the plaintiff has no possibility of establishing a valid cause of action against the in-state defendant." *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989); see also *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979) ("If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent"). Applying this standard in the case at bar, the court concludes without hesitation that

Dukes has been fraudulently joined as a defendant.

■ The parties have cited no cases, whether from Mississippi or elsewhere, that have addressed the particular issue before the court, and the court, having conducted its own search, has found none. Plaintiff points to a definition of "seller" which the Mississippi Supreme Court referenced in *Scordino v. Hopeman Brothers, Inc.*, 662 So.2d 640, 643 (Miss.1995), but that definition is not especially enlightening or helpful in the context of this case. There, the court said only that "[t]he term 'seller' is defined as a person who sells or contracts to sell goods," and is further defined by Restatement (Second) Section 402A as "any person engaged in the business of selling products for use or consumption." *Id.* (citations omitted) It is nevertheless manifest to the court that there exists no reasonable basis for predicting that state law might impose strict liability upon the *employees* of businesses which sell products to consumers. Such employees are not "in the business of selling products" but rather are employed by companies that are "in the business of selling. products for use or consumption." Thus, in that circumstance, the "sellers" are the businesses, and not their employees, who act solely as agents for their

---

1. In fact, a review of plaintiff's original complaint discloses that she has not actually alleged *any* cause of action against Dukes, but rather only states, in the 'parties' portion of the complaint, that Dukes was the general manager of the Dollar General Store. The only count which actually references the "defendants," rather than defendant Dolgencorp, is the breach of warranty claim, and plaintiff does not suggest that she intended to state a claim against Dukes for breach of warranty and she would have no basis for doing so. Nevertheless, the court, like the parties, will assume that what plaintiff intended was to allege a strict liability claim against Dukes.

The court further notes that in her proposed amended complaint, plaintiff seeks to add the following allegation:

[D]efendant Ann Dukes, as manager of the store in question, acting in concert with each of the other defendants, jointly and severally injected into the stream of commerce in the regular course of business, cigarette lighters, and in particularly [sic] the cigarette lighter in question, which it knew would be used by consumers, including Woodrow McCurtis, deceased, for the use for which the cigarette

lighter was designed, and transported and carried on the persons of the consumers, including the decedent, Woodrow McCurtis, in the manner in which he did, to–wit, in his clothing pocket.

In determining the propriety of removal, the court considers the allegations in plaintiff's pleading *at the time of removal.* Accordingly, in connection with its consideration of the motion to remand, the court could simply disregard plaintiff's proposed amended complaint. *See Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256 (5th Cir.1995). Furthermore, it is worth noting in this vein that in her motion to amend, plaintiff asked only to amend her complaint to add a claim for a manufacturing defect in addition to the already–pled claim of design defect, and to amend to assert a claim against the distributor of the lighter. Plaintiff has not asked to amend her complaint to include additional allegations against Dukes. In any event, however, plaintiff's proposed amended allegations against Dukes are strictly conclusory and do nothing to change the undisputed fact that Dukes was but an assistant manager whose only possible participation in the sale, if any, was to ring up Mr. McCurtis' purchase on the cash register.

principals. Therefore, there is no possibility that plaintiff has alleged any viable claim for recovery against Dukes.[2] Dukes is entitled to be dismissed from the action and plaintiff's motion to remand is due to be denied.[3]

■ Plaintiff has moved to amend her complaint to add claims for negligence, strict liability and breach of warranties against the third–party defendant, Calico Brands, Inc., which plaintiff alleges designed and/or manufactured the lighter in question. She also seeks to add an allegation against Dolgencorp that the lighter at issue had a manufacturing defect. Dolgencorp objects to the proposed addition of any claim against it because "plaintiff had information which allegedly indicated that there was a manufacturing defect prior to filing the original complaint;" it reasons that in light of this, her effort to amend at this late date ought not be countenanced. Defendant's conclusion that plaintiff had such information, though, is derived only from the allegation in plaintiff's complaint that the lighter was "defective and unreasonably dangerous." This allegation does not belie plaintiff's assertion to the court that she has received information post–removal which indicates that there was a manufacturing defect in the lighter. In the court's opinion, therefore, and particularly since Dolgencorp has already moved the court to amend the case management plan order to extend the time for discovery and designation of expert witnesses, *see infra,* the court will allow the addition of this claim.

■ Dolgencorp also opposes plaintiff's motion to amend to add claims against Calico, arguing that with a minimal amount of investigation, plaintiff could easily have ascertained the identity of the lighter manufacturer prior to filing suit and, being now beyond the deadline for amendments to pleadings established by the case management plan order, should not be allowed to

amend. This is all true, but what influences the court to deny this aspect of plaintiff's motion to amend is the uncontrovertible fact that any complaint which plaintiff might seek to file against Calico Brands, Inc. would be time–barred by the applicable statutes of limitation. *See* Miss.Code Ann. § 15–1–49. The court could choose to allow the amendment and then consider that issue when raised by Calico Brands, Inc. But to allow plaintiff to amend to add claims as to which she could not ultimately proceed would be a needless exercise in futility.[4]

Finally before the court for consideration is defendant Dolgencorp's motion to amend the case management plan order to allow further time for discovery and designation of experts in light of its recently having named Calico Brands, Inc. as a third–party defendant and tendered its defense to that third–party defendant. Plaintiff has not objected to this motion and the court concludes that it should be granted and an amended case management plan order will be entered contemporaneously with this opinion.

Based on the foregoing, it is ordered that plaintiff's motion to remand is denied and her motion to amend is granted in part and denied in part as set forth herein. It is further ordered that Ann Dukes' motion for summary judgment is granted. Finally, it is ordered that Dolgencorp's motion to amend case management plan order is granted.

---

**2.** In *Horton v. Scripto–Tokai Corp.,* 878 F.Supp. 902 (S.D.Miss.1995), cited by plaintiff, the court concluded that the defendants had failed to show that the resident defendant retailer had been fraudulently joined, but there, in contrast to this case, the instate defendant was the actual retailer, not an employee of the actual retailer.

**3.** Plaintiff has asserted no other potential basis for holding Dukes liable for Mr. McCurtis' injury. That is to say, she has not alleged and does not contend that she was in any way negligent.

**4.** Of course, there is always the possibility that Calico Brands would not raise the statute of limitations defense. But that is hardly a realistic or likely possibility.