**David E. TEMPLETON and Glenda J. Templeton, Plaintiffs–Appellees,**

v.

**NEDLLOYD LINES, Defendant–Appellant.**

**No. 89–6147**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 29, 1990.

---

**2.** *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

**1274**

Decatur J. Holcombe, Marsha G. Jones, Royston, Rayzor, Vickery, Williams, Houston, Tex., for defendant-appellant.

Larry J. Doherty, Brett Wagner, Doherty & Williamson, Houston, Tex., for plaintiffs-appellees.

Before CLARK, C.J., and WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

## I.

Nedlloyd Lines (Nedlloyd) appeals the district court's dismissal of this diversity action under FED.R.CIV.P. 41(a)(2) (voluntary dismissal). Because the district court did not abuse its discretion, we affirm.

## II.

David E. Templeton (Templeton), an employee of Empire Truck Lines, was involved in an accident while hauling cargo for Nedlloyd. The cargo had been loaded into a standardized metal container and attached to a semi-trailer chassis with locking-pin mechanisms. Nedlloyd had leased the container and chassis from a third party. Templeton's entire rig overturned when the lockingpin mechanisms allegedly failed and allowed the cargo container to shift to one side of the trailer. Templeton suffered injuries.

Templeton and his wife filed suit in Texas state court against Nedlloyd to recover damages for the accident. The Templetons did not request a jury trial. Nedlloyd, a Florida corporation, removed the suit to federal district court based on diversity of citizenship.

The Templetons filed an amended complaint which did not request a jury trial. They later made an untimely demand for a jury trial. Nedlloyd opposed the demand. Sometime during discovery, the Templetons learned that Nedlloyd did not own the cargo container or the trailer chassis involved in the accident. They also learned that two Texas-based companies had performed repairs on a trailer chassis for Nedlloyd prior to the accident.

On June 8, 1989, the Templetons filed a motion for voluntary dismissal without prejudice·under FED.R.CIV.P. 41(a)(2). The Templetons stated that they intended to include Nedlloyd and the non-diverse Texas companies in a new state suit and requested dismissal on grounds of judicial economy, manifest justice, and avoidance of undue hardship. The next day, the Templetons filed a motion for leave to file a third amended complaint to join the non-diverse Texas companies in the federal suit. The third amended complaint contained a request for a jury trial. After considering Nedlloyd's arguments in opposition to the motions, the district court dismissed the suit without prejudice. Nedlloyd now appeals. We affirm.

## III.

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). The district court may attach conditions to the dismissal to prevent prejudice. FED.R. CIV.P. 41(a)(2). Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, and the

district court's decision on this issue is reviewed only for abuse of discretion. *LeCompte,* 528 F.2d at 604.

Nedlloyd argues that the district court abused its discretion in dismissing this suit because Rule 41(a)(2) dismissal was not an option available to the court. Nedlloyd contends that because the Templetons also filed a motion to amend their complaint to join non-diverse parties in this removed diversity action, 28 U.S.C. section 1447(e) limited the court to either denying joinder or allowing joinder and remanding to state court. We disagree.

Section 1447(e) states:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). Nothing in this section or its legislative history indicates that the district court is prohibited from granting a motion for voluntary dismissal under Rule 41(a)(2) simply because the moving party subsequently files a motion to join non-diverse parties. The district court may grant either motion or deny them both. Section 1447(e) only controls the district court's disposition of the motion to join the nondiverse parties.

Congress adopted section 1447(e) to temper the potential harshness of outright involuntary dismissal of removed diversity actions under FED.R.CIV.P. 19(b) for inability to join indispensable non-diverse parties. H.R.REP. No. 889, 100th Cong., 2d Sess., 72–73, *reprinted in* 1988 U.S.CODE CONG. & ADMIN.NEWS 5982, 6032–33. Congress rejected a broader version of section 1447(e) that would have allowed district courts to join indispensable non-diverse parties and still retain diversity jurisdiction. *Id.* Contrary to Nedlloyd's suggestion, Congress did not adopt the present form of section 1447(e) to prevent the voluntary dismissal of removed diversity actions under Rule 41(a)(2). Congress adopted the narrow language of section 1447(e) to avoid expanding federal diversity jurisdiction. *Id.* We conclude that it was not an abuse of discretion for the district court to dismiss the case under Rule 41(a)(2) merely because a motion to join non-diverse parties was also pending.

Nedlloyd next contends that the district court abused its discretion in ordering dismissal because the sole purpose for the Templetons' Rule 41(a)(2) motion was to avoid their previous waiver of a jury trial. Nedlloyd claims that the Templetons have filed a new state court action in which a jury trial has been scheduled. Nedlloyd argues that the Templetons should not be able to use Rule 41(a)(2) to avoid the consequences of their own inadvertence. We reject these contentions.

While it may be an abuse of discretion for the district court to order dismissal under Rule 41(a)(2) simply to allow a plaintiff to regain the right to a jury trial, that is not what happened in this case. The Templetons requested a voluntary dismissal in order to include Nedlloyd and two non-diverse parties in one state suit. It was only during discovery that the Templetons learned that Nedlloyd did not own the allegedly faulty equipment and that two Texas-based companies may have performed repairs on the equipment. The Templetons appear to have good-faith, substantial claims to assert against the Texas companies. Therefore, the record does not support Nedlloyd's assertion that the Templetons' motion for dismissal was merely a subterfuge to obtain a jury trial.

In addition, the Templetons' right to a jury trial against the Texas companies should not be denied solely on account of the Templetons' previous waiver of that right with respect to Nedlloyd. Once the district court elected to grant a voluntary dismissal, it was not the court's prerogative to require the Templetons to waive their right to a jury trial in state court or to order the state court itself to deny that right. *Cf. LeCompte,* 528 F.2d at 604.

Nedlloyd's final argument is that the district court abused its discretion in ordering the dismissal because Nedlloyd will suffer substantial prejudice. Nedlloyd contends that it will lose its choice of fo-

rum, that it will lose the advantage of trying the case to the court rather than to a jury, that it will suffer the psychological harm of gearing up for trial only to have it postponed, and that it will have wasted significant expense in preparing for trial. We disagree.

This suit is still in the pretrial stages. Nedlloyd's trial preparations will not be wasted because the district court conditioned the dismissal on the Templetons' stipulation that they would not oppose the use of existing discovery in the pending state-court action. Nedlloyd could have avoided many of its expenses by accepting the Templetons' offer of postponing additional discovery until the district court had ruled on the pending motions. Nedlloyd chose not to do so. The fact that Nedlloyd faces the prospect of a trial in state court is also insufficient to demonstrate legal prejudice. *See LeCompte*, 528 F.2d at 604. While defendant's choice of forum is an important factor to be considered by the district court, its loss does not automatically create abuse of discretion. *Cf. Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1997). Nor is it sufficient to show legal prejudice to establish that Nedlloyd may lose some perceived tactical advantage by trying the case to a jury rather than to the court. *See LeCompte*, 528 F.2d at 604. We conclude that the district court did not abuse its discretion in granting the Templetons' Rule 41(a)(2) motion for voluntary dismissal.

### IV.

The order of the district court is AFFIRMED.