**Robert O'CONNOR, Plaintiff,**

v.

**The AUTOMOBILE INSURANCE COMPANY OF HARTFORD CONNECTICUT and Aetna Life and Casualty, Defendants.**

**No. 1:93–CV–0476.**

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 3, 1994.

---

Kip Glasscock, Moore Landrey Garth Jones Burmeister & Hulett, Beaumont, TX, for plaintiff.

Stephen P. Pate, Fulbright & Jaworski, Houston, TX, for defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

COBB, District Judge.

Plaintiff Robert O'Connor has filed his Motion for Leave to File Amended Complaint and Motion to Remand. The Court having considered the briefs, arguments of parties and applicable law is of the opinion that the motions should be DENIED for the following reasons.

## I. BACKGROUND

Robert O'Connor (O'Connor) sued the Automobile Insurance Company of Hartford Connecticut (AICHC) and Aetna Life & Casualty (Aetna) in Texas state court. O'Connor alleged that the defendants' failure to pay insurance proceeds gave rise to various causes of action including breach of contract, breach of the duty of good faith and fair dealing, misrepresentation, and breach of warranty. The petition further alleged that O'Connor purchased the policy through the defendants' agent, Mayer Insurance Agency, Inc. (Mayer). However, O'Connor failed to name Mayer as a defendant in the state court pleading.

On September 27, 1993, AICHC and Aetna removed to this court, asserting diversity jurisdiction. On November 17, 1993 O'Connor requested leave to amend his complaint to add Mayer as a defendant, urging that "negligent acts and/or omissions as well as the negligent representations and/or misrepresentations of the MAYER INSURANCE AGENCY, INC., were, in whole or in part, a producing cause of the property damages made the basis of Plaintiff's suit."[1] O'Connor contemporaneously moved to remand because the amendment, if allowed, would destroy diversity. AICHC and Aetna challenge both motions and request the Court to exercise its discretion and deny leave to amend.

---

1. The amendment also seeks to add allegations that O'Connor had purchased a second insurance policy which also provided coverage. O'Connor asserts that he purchased this policy from AICHC through Mayer.

## II. APPLICABLE LAW

■ This situation is governed by 28 U.S.C. § 1447(e) which provides:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e).

By enacting this section, Congress has given the Court two options: Either deny the joinder, or grant it and remand the case. David D. Siegel, *Comment on 1988 Revision to 28 U.S.C. § 1447(e)* (West Supp.1993). The ruling is discretionary, and it must take into account the original defendants' interest in their choice of forum. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).[2]

■ *Hensgens* outlines several factors which guide the district court's decision. *Hensgens*, 833 F.2d at 1182. The court should consider first, whether the primary purpose of the amendment is to defeat federal jurisdiction. Next, whether the plaintiff has been diligent in requesting the amendment. Third, whether the plaintiff will be prejudiced if the amendment is denied. Finally, "any other factors bearing on the equities" are taken into account. *Id.* On balance, these factors determine whether the amendment should be allowed.

## III. APPLICATION

■ In the present case, the facts counsel against allowing joinder. In the first place, it appears to the Court that the amendment is requested primarily for the purpose of defeating federal jurisdiction. After all, as AICHC and Aetna forcefully argue, the state court petition refers to Mayer as the agency which sold the policy. The Court views this fact with much suspicion—since O'Connor knew about Mayer's role, yet failed to sue that party in state court. For the same reason, the Court finds that O'Connor has not been diligent in requesting the amendment. O'Connor easily could have named Mayer *ab initio*. Third, the Court finds O'Connor will not suffer any serious prejudice if the amendment is denied. There is absolutely nothing to indicate that AICHC and Aetna would be unable to satisfy a future judgment. Nor does O'Connor urge that Mayer is the *sole* cause of his injury. Importantly, O'Connor also faces legal obstacles to recovering against Mayer. *See, e.g., Arzehgar v. Dixon*, 150 F.R.D. 92 (S.D.Tex.1993) (holding insurance agent not personally liable for acts committed within scope of authority when claims assert DTPA, unfair claims settlement, and breach of contract), *Haines v. National Union Fire Ins. Co. of Pittsburgh, PA.*, 812 F.Supp. 93 (S.D.Tex.1993) (same, breach of duty of good faith and fair dealing).[3] Finally, the present record reveals no additional equities in favor of either party. Having considered the above facts and law, the Court concludes that the *Hensgens* factors militate against adding Mayer as defendant. Therefore, the motion for leave to amend is DENIED.

## IV. CONCLUSION

It is therefore, ORDERED, ADJUDGED, and DECREED that the Plaintiff's Motion for Leave to Amend is DENIED.[4] The Plaintiff's Motion to Remand, contingent on the Court's granting leave to amend, is DENIED as MOOT.

---

2. *Hensgens* was decided prior to the enactment of § 1447(e). However, the Fifth Circuit recently suggested that the *Hensgens* approach is still good law. *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275–76 (5th Cir.1990) (construing legislative history behind § 1447(e)).

3. The Court expresses no opinion on the applicability those decisions to the merits of this case. Rather, the Court views the cases as an indication that O'Connor may suffer no legal prejudice if the this Court denies the amendment.

4. The Court, however, will grant O'Connor leave to amend in order to claim under a different insurance policy. Should O'Connor wish to pursue this course, his amended complaint should not add Mayer as a defendant.