Michael **SMITH**, Sr. et al.

v.

**ARKANSAS LOUISIANA GAS CO.** et al.

No. 1:93–CV–0309.

United States District Court, E.D. Texas, Beaumont Division.

July 15, 1994.

---

Gilbert T. Adams, Jr., Beaumont, TX, for plaintiffs.

Kent Ewing Westmoreland, Diane Fagan Robinson, Phelps Dunbar, Houston, TX, for defendants.

### MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Before the Court are the plaintiffs' Motion and Amended Motion for Leave to File Amended Complaint. The Court, having considered the briefs, arguments of the par-

ties, and applicable law, is of the opinion that the motions should be DENIED.

### I.

The plaintiffs filed this case on May 28, 1993 in state court against Arkansas Louisiana Gas Co. [Arkla], Entex, Inc., Sears Roebuck & Company, State Holding Company, State Industries, Inc., and Reliance Water Heater Company for injuries sustained by Michael Smith, Jr., a minor child. Specifically, the plaintiffs allege that Smith suffered disfiguring burns when a natural gas water heater ignited gasoline spilled from an overturned gas container.

The case was removed to this Court on July 2, 1993 based on diversity of citizenship.

### II.

On May 3, 1994, the plaintiffs filed this Motion for Leave to File an Amended Complaint. The proposed complaint names Eagle Manufacturing Co. [Eagle], the maker of the gas can, and Jacks Hardware, Inc. [Jacks Hardware], the can's retailer, as additional defendants. Jacks Hardware, however, is a Texas corporation and its addition would destroy this court's subject matter jurisdiction. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Defendants Entex and Arkla object to the motion to the extent that it deprives this court of jurisdiction.

Title 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." By enacting this section, Congress has given the Court two options: Either deny joinder, or grant it and remand the case. David D. Siegel, *Comment on 1988 Revision to 28 U.S.C. § 1447(e)* (West Supp.1993). The ruling is discretionary, and it must take into account the original defendants' interest in their choice of forum. *See Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).[1] Finally, the Court will scrutinize an

---

1. *Hensgens* was decided prior to the enactment of § 1447(e). However, the Fifth Circuit recently suggested that the *Hensgens* approach is still good law. *Templeton v. Nedlloyd Lines,* 901 F.2d

amendment to include a non-diverse defendant in a removed case more closely than an ordinary amendment. *Id.*

 *Hensgens* outlines several factors which guide this Court's decision. *Hensgens,* at 1182. The Court should consider first, whether the purpose of the amendment is to defeat federal jurisdiction. Next, whether the plaintiff has been diligent in requesting the amendment. Third, whether the plaintiff will be prejudiced if the amendment is denied. Finally, the court may take into account "any other factors bearing on the equities." *Id.* On balance, these factors determine whether the court should permit joinder of the non-diverse party. *See O'Connor v. Automobile Ins. Co. of Hartford, Conn.,* 846 F.Supp. 39, 41 (E.D.Tex.1994).

 In the present case, the court declines the plaintiffs' invitation to preside over the dismantling of its jurisdiction. The court questions both the plaintiffs' motives[2] and diligence in seeking the joinder of Jacks Hardware. The plaintiffs' attempt to add this non-diverse defendant approximately one year after they filed the suit, and ten months after its removal to this court. The apparent non-complexity of the accident belies the plaintiffs' claims that they were diligent in discovering the additional defendants.[3] Yet even after this lengthy period, the plaintiffs have no information that Jacks Hardware modified, altered, or was otherwise culpable for the condition of the gas can. Consequently, if the gas can is ultimately found to be defective, Jacks Hardware would seek, and presumably receive, full indemnity from Eagle. *See Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 432 (Tex.1984) (retailer has right to indemnification from the manufacturer of the defective product when the retailer is merely a conduit for the product and is not independently culpable).

Moreover, the plaintiff will suffer no prejudice from the denial of leave to join Jacks Hardware. If the gas can is found defective, the plaintiffs will be entitled to a full recovery from its manufacturer, Eagle.

Finally, the plaintiffs have already reached a substantial settlement with defendants Sears, Reliance and State. There can be no concern, therefore, that denial of joinder would deprive the plaintiffs of a recovery if their claim is ultimately found to be meritorious.

### III.

It is therefore ORDERED, ADJUDGED and STATED that the Plaintiffs' Motion and Amended Motion for Leave to File an Amended Complaint are DENIED. The plaintiffs are given leave to add Eagle Manufacturing as a defendant before August 1, 1994.

---

1273, 1275–75 (5th Cir.1990) (construing legislative history behind § 1447(e)).

2. The Court sua sponte takes judicial notice of the fact that counsel for the plaintiffs, Gilbert Adams, Jr., currently seeks to destroy diversity jurisdiction through similar means in two other removed cases pending in the Beaumont Division. *See Gary Wilkerson v. Mobil Oil,* (Docket 1:93–cv–525) and *Tamara McCabe v. The Kroger Co.,* (Docket 1:94–cv–336).

3. Moreover, the plaintiffs would be in a comparatively superior position to trace the origins of the gas container.