In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

Rebecca Jean SELMAN, Teri J. Sewell, Pamela J. Ramsey, Elizabeth Largent, Lucinda Bird, and Hilda D. Cotton Plaintiffs,

v.

WYETH–AYERST LABORATORIES, a Division of American Home Products Corporation, Defendant.

MDL No. 1038.

No. 1:95 CV 5086.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 29, 1995.

---

6. Pls.' Second Am.Pet. at 6.

7. Pls.' Mot. to Remand at 1.

Jeffrey S. Clark, Jacksonville, TX, for Plaintiffs.

Burgain G. Hayes, Michael R. Klatt, Leslie A. Benitez, and Susan E. Burnett of Clark, Thomas & Winters, Austin, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

SCHELL, Chief Judge.

Before this court is Plaintiffs' Motion for Leave to File First Amended Complaint, filed on May 24, 1995. Defendant timely filed its opposition on June 7, 1995. Upon consideration of the motion, response, and memoranda of law, the court is of the opinion that the motion should be GRANTED in part and DENIED in part.

### BACKGROUND

Defendant sells the Norplant contraceptive device to doctors and hospitals, which in turn implant the device in the bodies of women. Plaintiffs, all Texas residents, have had Norplant inserted and now are suing the Defendant, alleging that Norplant caused in them various unexpected side effects. Plaintiffs brought suit on March 15, 1995. Subsequently, Defendant removed the case to federal court on April 13, 1995, basing the removal on complete diversity of citizenship.

Then, on May 24, 1995, Plaintiffs filed a motion for leave to amend their complaint, seeking to add three additional plaintiffs, as well as one additional defendant. The proposed additional defendant is the doctor who inserted the Norplant capsules into one of the original Plaintiffs, and is, not coincidentally, a resident of Texas. Defendant had responded by arguing that the addition of any more plaintiffs would unduly complicate the proceedings and prejudice its ability to present a defense. Defendant also argues that Plaintiff should not now be allowed to add a nondiverse defendant to the proceeding, claiming that the Plaintiffs' sole purpose in doing so is to defeat this court's subject matter jurisdiction over the case.

## DISCUSSION

■ Rule 15 of the Federal Rules of Civil Procedure states that although leave of court is required for a party to amend its pleadings after a responsive pleading has been served, "leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a). However, this rule must be read in conjunction with 28 U.S.C. § 1447(e), which provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e).

■ Further, the Fifth Circuit has addressed the situation in which the plaintiff, after a case has been removed on diversity grounds, seeks to add a nondiverse defendant and thereby destroy diversity. *See Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir.1987), *appeal after remand,* 869 F.2d 879, *reh'g denied,* 875 F.2d 858, *cert. denied,* 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989).[1] In *Hensgens,* the court discussed the competing interests which are affected when a plaintiff seeks to add a nondiverse defendant to an already-removed case and stated that "the district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added." *Id.* at 1182. The court went

on to mandate that a district court, when faced with this situation, must consider the original defendant's interest in the choice of forum and should scrutinize an amendment to include a nondiverse defendant more closely than an ordinary amendment. *Id.* Finally, the court outlined several factors for a district court to consider in using its discretion. These factors include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id.*

These factors have been considered in situations similar to the case at bar by other district courts in the Fifth Circuit. *See, e.g., Horton v. Scripto–Tokai Corp.,* 878 F.Supp. 902, 908–909 (S.D.Miss.1995); *O'Connor v. Automobile Ins. Co. of Hartford, Conn.,* 846 F.Supp. 39, 41 (E.D.Tex.1994); *Smith v. Arkansas Louisiana Gas Co.,* 157 F.R.D. 34, 35–36 (E.D.Tex.1994). In applying the *Hensgens* factors, in the cases in which it was apparent that the Plaintiff knew about the nondiverse defendant's activities at the time the suit was originally brought in state court but still chose not to include that party as a defendant, the courts have viewed the later attempt to add the nondiverse defendant as nothing more than an attempt to destroy diversity. For example, in *O'Connor,* the plaintiff sued the defendants' for their alleged failure to pay insurance proceeds. *O'Connor,* 846 F.Supp. at 40. After the defendant insurance companies removed the case to federal court based upon the complete diversity between the parties, the plaintiff attempted to add the insurance agency from which the plaintiff purchased the policy as a defendant. *Id.* However, the court refused to allow such an amended complaint, noting that since the agency was mentioned in the original petition filed in state court as the seller of the insurance policy, plaintiff had apparently chosen to later add the agency as a defendant solely for the purpose of defeating diversity jurisdiction. *Id.* at 41.

---

**1.** Although *Hensgens* was decided prior to the enactment of § 1447(e), the Fifth Circuit has suggested that the *Hensgens* approach is still good law. *Templeton v. Nedlloyd Lines,* 901 F.2d 1273, 1275–76 (5th Cir.1990) (per curiam) (construing legislative history behind § 1447(e)).

Alternatively, when a plaintiff discovers the nondiverse defendant's activities at some time after the cause of action is removed to federal court, then a district court has held that such amendment was not done for the express purpose of defeating diversity jurisdiction. *See Horton,* 878 F.Supp. at 908–909. In *Horton,* the plaintiff brought a products liability action based upon injuries allegedly caused by a defective lighter. *Id.* at 904. Soon after filing its suit in state court, the defendants removed the suit to federal court, alleging diversity of citizenship. *Id.* However, also at some time immediately after filing its lawsuit, the plaintiff discovered that a nondiverse party was actually the distributor of the lighter, rather than one of the named defendants. *Id.* Therefore, the plaintiff attempted to amend her complaint, naming the nondiverse distributor as a defendant. *Id.* Discussing the *Hensgens* factors, the court held that the plaintiff did not add the nondiverse defendant in order to destroy diversity jurisdiction. *Id.* at 909.

■ The case at bar is similar to *O'Connor.* The Plaintiffs had to know the identity of the doctor performing surgery on Plaintiff Sewell. Therefore, if they wished to include him as a defendant, they could have easily done so when the suit was originally filed in state court. By waiting until this case was removed to federal court, the Plaintiffs appear to this court to have requested the amendment adding Dr. Orocofsky as a defendant primarily for the purpose of defeating federal jurisdiction.

Similar analyses apply to the other *Hensgens* factors. In terms of these other factors, the court believes that while the Plaintiffs' motion for leave to add Dr. Orocofsky is not necessarily dilatory, coming only two months after the case was filed in state court, the Plaintiffs knew of Dr. Orocofsky all along and attempted to add this nondiverse defendant only after this case was removed to federal court. This circumstance leads the court to believe that the primary purpose of the attempt by Plaintiffs to add this party-defendant is simply to defeat diversity jurisdiction. Further, Plaintiffs will not be significantly injured if amendment is not allowed, because there is absolutely nothing to indicate that the present Defendant would be unable to satisfy a future judgment. *See O'Connor,* 846 F.Supp. at 41. Finally, no other equities present in this case militate toward granting Plaintiffs leave to amend their complaint to add Dr. Orocofsky.

Plaintiffs also seek leave to amend their complaint to add three additional plaintiffs, each of whom allege that they suffer from the same injuries as those listed in the original complaint. Defendant objects to the addition of any plaintiffs to this lawsuit, claiming that to allow the addition of additional plaintiffs would "deprive defendant of its right to fair trial." [2]

■ Defendant cites no authority, nor could the court find any, in support of its contention that adding three more plaintiffs to this lawsuit would deprive it of any right to a fair trial. Further, under Rule 15(a), leave to amend the complaint should "be freely given." Such leave is generally left to the court's sound discretion, although the court should consider several factors in exercising its discretion. *See Earlie v. Jacobs,* 745 F.2d 342, 345 (5th Cir.1984) (citations omitted); *Foster v. Daon Corp.,* 713 F.2d 148, 152 (5th Cir.1983) (citations omitted). These factors include (1) whether permitting the amendment would cause undue delay or undue prejudice; (2) whether the movant is acting in bad faith or with a dilatory motive; (3) whether denying the amendment would prejudice the movant; and (4) whether the amendment adds substance or is germane to the original complaint. *Earlie,* 745 F.2d at 345 (citations omitted); *Foster,* 713 F.2d at 152 (citations omitted). In the case at bar, because the additional plaintiffs complain of the same side effects as those listed in the original complaint, granting leave to amend in order to add these plaintiffs will cause neither undue delay nor undue prejudice, and the amendment is certainly germane to the original complaint. Additionally, there is no evidence to suggest that Plaintiffs are acting in bad faith in seeking to add these new plaintiffs. Finally, although a denial of the amendment may not result in prejudice

---

**2.** Def. Wyeth–Ayerst Laboratories Division of Am. Home Prods. Corp.'s Resp. in Opp'n to Pls.' Mot. for Leave to File Am.Compl. at 3.

against the Plaintiffs, because this case appears to still be in its infant stages, Defendant also will not be unfairly prejudiced by the addition of these three new plaintiffs.

## CONCLUSION

After considering the *Hensgens* factors, this court finds that the factors weigh against granting the Plaintiffs leave to amend their complaint to add Dr. Orocofsky. Further, after considering the *Earlie* and *Foster* factors, this court believes that justice requires that Plaintiffs be allowed to amend their complaint to add three plaintiffs to this action. It is, therefore, ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint is GRANTED in part insofar as Plaintiff may amend to add as plaintiffs Lara Michelle Coslett, Rebecca Yvonne Goff, and Melissa Kae Gates, and is DENIED in part insofar as it relates to the addition of Dr. Orocofsky as a defendant.