## In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

Brenda A. HOLLON, Gary T. Hollon, individually and as Next Friends for Courtney A. Hollon and Hannah B. Hollon, Plaintiffs,

v.

Huhtamäki OY, Leiras Oy, American Home Products Corporation, Wyeth–Ayerst Laboratories Division of American Home Products Corporation, Wyeth–Ayerst International, Inc., Wyeth–Ayerst Laboratories Company, and Dow Corning France, S.A., Defendants.

MDL No. 1038.
No. 1:95 CV 5039.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 29, 1995.

John C. Mallios, Jennifer S. Stoddard, and Kathy L. Weber of Mallios, Stoddard and Weber, Dallas, TX, for plaintiffs.

Lawrence L. Germer of Germer & Gertz, LLP of Beaumont, TX, Burgain G. Hayes, Michael R. Klatt, Leslie A. Benitez, Susan E. Burnett of Clark, Thomas & Winters, Austin, TX, John W. Vardaman, F. Lane Heard, III, Steven M. Farina of Williams & Connolly, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND GRANTING PLAINTIFFS' MOTION TO REMAND

SCHELL, Chief Judge.

Before this court are Plaintiffs' Motion for Leave to File First Amended Complaint and Plaintiffs' Motion to Remand, which were filed on July 21, 1995. Defendants timely filed their opposition to these motions on August 4, 1995. Plaintiffs then filed a reply to the Defendants' opposition on August 21, 1995. Upon consideration of the motions, responses, reply, and memoranda of law, the court is of the opinion that the Motion for Leave to File First Amended Complaint should be GRANTED in part and DENIED in part and that the Motion to Remand should be GRANTED.

## BACKGROUND

Defendants manufacture, market, distribute, and sell the Norplant contraceptive device (or component parts thereof) to doctors and hospitals, which in turn implant the device in the bodies of women. Plaintiffs are all Texas residents. Plaintiff Brenda Hollon is among those women having had Norplant inserted, and now she and her husband are suing the Defendants, individually and as next friends of her two children, alleging that Norplant caused in her various unexpected side effects, which in turn adversely impacted upon her husband and her children as well. Plaintiffs filed suit on September 14, 1994 in Texas state court. Subsequently, Defendants removed the case to federal court on October 12, 1994, basing the removal on complete diversity of citizenship. Then, on July 21, 1995, Plaintiffs filed a motion for leave to amend their complaint, seeking to add four additional defendants. The proposed additional defendants are (1) Dr. L.B. Goss, M.D. ("Dr. Goss"), the doctor who inserted the Norplant capsules into Plaintiff Brenda Hollon, who is, not coincidentally, a resident of Texas, (2) Bob Boyce ("Boyce"), the product distributor of Plaintiff Brenda Hollon's Norplant, also a Texas resident, and (3) and (4) two manufacturers of component parts of Norplant. Defendants have responded that Plaintiffs should not now be allowed to add nondiverse defendants to the proceeding, claiming that the Plaintiffs' sole purpose in doing so is to defeat this court's subject matter jurisdiction over the case.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure states that although leave of court is required for a party to amend its pleadings after a responsive pleading has been served, "leave shall be freely given when justice so requires." FED.R.CIV.P. 15(a). However, this rule must be read in conjunction with 28 U.S.C. § 1447(e), which provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

action to the state court." 28 U.S.C. § 1447(e).

The Fifth Circuit has addressed the situation in which the plaintiff, after a case has been removed on diversity grounds, seeks to add a nondiverse defendant and thereby destroy diversity. *See Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987), *appeal after remand*, 869 F.2d 879, *reh'g denied*, 875 F.2d 858, *cert. denied*, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989).[1] In *Hensgens,* the court discussed the competing interests that are affected when a plaintiff seeks to add a nondiverse defendant to an already-removed case. The court stated that "the district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added." *Id.* at 1182. The court went on to mandate that a district court, when faced with this situation, must consider the original defendant's interest in the choice of forum and should scrutinize an amendment to include a nondiverse defendant more closely than an ordinary amendment. *Id.* Finally, the court outlined several factors for a district court to consider in using its discretion. These factors include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id.*

These factors have been considered in situations similar to the case at bar by other district courts in the Fifth Circuit. *See, e.g., Horton v. Scripto–Tokai Corp.*, 878 F.Supp. 902, 908–909 (S.D.Miss.1995); *O'Connor v. Automobile Ins. Co. of Hartford, Conn.*, 846 F.Supp. 39, 41 (E.D.Tex.1994); *Smith v. Arkansas Louisiana Gas Co.*, 157 F.R.D. 34, 35–36 (E.D.Tex.1994). In cases applying the *Hensgens* factors, when the plaintiff knew about the nondiverse party's activities at the time the suit was originally brought in state court but still chose not to include that party as an original defendant, courts have viewed

any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity. For example, in *O'Connor,* the plaintiff sued the defendants for their alleged failure to pay insurance proceeds. *O'Connor,* 846 F.Supp. at 40. After the defendant insurance companies removed the case to federal court based upon complete diversity between the parties, the plaintiff attempted to add the nondiverse insurance agency from which the plaintiff purchased the policy as a defendant. *Id.* However, the court refused to allow such an amended complaint, noting that because the agency was mentioned in the original petition filed in state court as the seller of the insurance policy, plaintiff had apparently chosen to later add the agency as a defendant solely for the purpose of defeating diversity jurisdiction. *Id.* at 41.

Alternatively, when a plaintiff discovers the nondiverse party's activities at some time after the cause of action is removed to federal court, then a district court has held that a later amendment adding that party as a defendant was not done for the express purpose of defeating diversity jurisdiction. *See Horton,* 878 F.Supp. at 908–909. In *Horton,* the plaintiff brought a products liability action based upon injuries allegedly caused by a defective lighter. *Id.* at 904. Soon after filing its suit in state court, the defendants removed the suit to federal court, alleging diversity of citizenship. *Id.* However, also at some time immediately after filing its lawsuit, the plaintiff discovered that a nondiverse party was actually the distributor of the lighter, rather than one of the named defendants. *Id.* Therefore, the plaintiff attempted to amend her complaint, naming the nondiverse distributor as a defendant. *Id.* Discussing the *Hensgens* factors, the court held that the plaintiff did not add the nondiverse defendant to destroy diversity jurisdiction. *Id.* at 909.

The case at bar has similarities to both *O'Connor* and *Horton.* With respect to Boyce, the Plaintiffs may not have known the identity of the distributor of Plaintiff Brenda

---

1. Although *Hensgens* was decided prior to the enactment of § 1447(e), the Fifth Circuit has suggested that the *Hensgens* approach is still good law. *Templeton v. Nedlloyd Lines,* 901 F.2d 1273, 1275–76 (5th Cir.1990) (per curiam) (construing legislative history behind § 1447(e)).

Hollon's Norplant implant. Further, they apparently sought to include him as a defendant once they discovered his identity as the distributor of Brenda Hollon's Norplant.[2] There is no real indication that Plaintiffs have requested leave to amend to add Boyce as a defendant primarily for the purpose of defeating federal jurisdiction, but rather they sought to add him once his involvement in the suit became clear.

Similar analyses apply to the other *Hensgens* factors. The court has no reason to believe that Plaintiffs were dilatory in requesting the amendment to add Boyce as a defendant. *See Horton,* 878 F.Supp. at 909. Also, Plaintiffs may be significantly injured if amendment is not allowed, because, as in *Horton,* if Plaintiffs could not amend their complaint, then they would be forced to file a claim against Boyce in state court, assuming that the statute of limitations had not yet run. Such a requirement would be a waste of judicial resources, which this court will not require. *See id.* Any injury to the Plaintiffs is, however, mitigated to some extent because there is no indication that the present Defendants would be unable to satisfy any future judgment against them. *See O'Connor,* 846 F.Supp. at 41. Finally, although it may be true that Defendants would prefer to have to defend all litigation arising out of the use of the Norplant contraceptive in one court, it cannot be said that it is prejudicial to require them to defend suits in the forum that the Plaintiffs choose, particularly when other pending Norplant litigation is ongoing in the same location.

■ Conversely, with respect to Dr. Goss, the case at bar is more like *O'Connor.* The Plaintiffs had to know the identity of the doctor performing surgery on Plaintiff Brenda Hollon. Therefore, if they wished to include him as a defendant, they could have easily done so when the suit was originally filed in state court. By waiting until this case was removed to federal court, the Plaintiffs appear to this court to have requested the amendment adding Dr. Goss as a defendant primarily for the purpose of defeating federal jurisdiction.

As for the other *Hensgens* factors, the court believes that Plaintiffs have not been diligent in requesting the amendment to add Dr. Goss as a defendant because they knew of the facts that underlie their Deceptive Trade Practices Act claim against him at the time they filed this lawsuit. Next, although Plaintiffs may be significantly injured if amendment is not allowed, again there is nothing to indicate that the present Defendants would be unable to satisfy a future judgment. Finally, no other equities present in this case militate toward granting Plaintiffs leave to amend their complaint to add Dr. Goss.

■ As for the two corporate defendants, Schering AG and Dow Corning Corporation, the addition of them as defendants will not destroy diversity. As a result, 28 U.S.C. § 1447(e) does not apply and leave to add them as defendants should therefore be freely given "when justice so requires." Plaintiffs have met this very liberal requirement, because both companies are alleged to have placed component parts of the injury-causing device into the stream of commerce. Further, it appears that Plaintiffs were not aware of the role played by these two proposed defendants at the time they filed this lawsuit. Plaintiffs should therefore also be allowed to add both as defendants for the same reasons as were given above in support of the addition of Boyce as a defendant.

Thus, after considering and balancing all of the factors, the portions of the Plaintiffs' motion that seek to add Boyce, Schering AG,

2. Plaintiffs, in their response, mention that they did not move for leave to amend immediately upon removal because the parties have been focused on motions to dismiss for lack of personal jurisdiction, which they characterize as outstanding motions. However, no such motions are properly before this court. Such motions were filed in the transferor court prior to this lawsuit being transferred to this court for consolidated pretrial proceedings by the Judicial Panel on Multidistrict Litigation. These motions were, however, never reurged in this court. Therefore, pursuant to this court's order of June 7, 1995, those motions are deemed to have been withdrawn pending any motion to reurge. All that having been said, there is no indication of any significant passage of time between the Plaintiffs' discovery of Boyce's possible involvement and their filing of the pending motion.

and Dow Corning Corporation as defendants satisfies the *Hensgens* test, and this court finds that Boyce, Schering AG, and Dow Corning Corporation should be added as defendants to this lawsuit. As a result, complete diversity will be destroyed and this court is required to remand the case back to state court.[3]

## CONCLUSION

After considering the *Hensgens* factors, this court determines that the factors weigh in favor of granting the Plaintiffs leave to amend their complaint to add Boyce, Schering AG, and Dow Corning Corporation, and against granting the Plaintiffs leave to amend their complain to add Dr. Goss. It is, therefore, ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint is GRANTED in part insofar as Plaintiff may amend to add as defendants Bob Boyce, Schering AG, and Dow Corning Corporation, and is DENIED in part insofar as it relates to the addition of Dr. Goss as a defendant. Because the addition of Boyce as a defendant will destroy complete diversity, this court no longer has jurisdiction over this lawsuit, and it is ordered REMANDED pursuant to 28 U.S.C. § 1447(c) to the state district court from which it was removed, the 44th Judicial District Court of Dallas County, Texas.

---

**3.** Defendants also argue that Plaintiffs have failed to state a claim against Boyce, and so his joinder is fraudulent. Resp. in Opp'n to Pls.' Mot. for Leave to File Am.Compl. and Mot. to Remand of Defs. at 4. However, looking at the proposed First Amended Complaint, Plaintiffs have stated a claim against Boyce. *See, e.g.,* Pls.' First Am. Compl. at 10–11 ("Boyce ... distributed the Norplant System.... Boyce [was] negligent ... (7) In marketing and distributing the implants without warning users about the risk of serious health hazards....."). This claim, which is one of many stated against Boyce, is certainly a possible theory of recovery for the Plaintiffs against Boyce. The arguments proffered by the Defendants against Boyce's potential liability are in the nature of defenses or arguments in support of a motion for summary judgment. Such a motion is neither now before the court nor is such an argument supported by any evidence.