Ray **ALCANTARA**, et al., Plaintiffs,

v.

The **PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA**, et al.

No. 1:98CV1627.

United States District Court,
E.D. Texas,
Beaumont Division.

Sept. 28, 1999.

Gilbert T. Adams, Jr., Beaumont, TX, for Patricia S. Allen and Leif A. Wallace, plaintiffs.

Kenneth Brent Tomlinson, Hartline, Dacus, Dreyer & Kern, Dallas, TX, Gilbert I. Low, J. Hoke Peacock, II, Orgain, Bell & Tucker, Beaumont, TX, David Jacobson, Joanne Smet, Sonnenschein Nath & Rosenthal, Chicago, IL, Lisa R. Green, Sonnenschein Nath & Rosenthal, New York City, Calvin Rodrick Phelan, Baker & Botts, Dallas, TX, for defendant.

## MEMORANDUM AND ORDER

COBB, District Judge.

Before the court are the intervenors/plaintiffs' Motion for Leave to file a Second Amended Original Complaint. The court, having considered the briefs, arguments of the parties, and applicable law, is of the opinion that the motion should be DENIED.

### I. Background

This case centers around Prudential's alleged violations of the Texas Insurance Code, Deceptive Trade Practices Act, Administrative Code and various other causes of action. This case was originally filed in state court. On May 8, 1998 Patty Allen and Lief Wallace intervened in the present suit. Later that month, the defendants removed the action to federal court based on diversity of citizenship.[1] The plaintiffs then filed a motion to remand but before that motion could be considered the case was transferred to the District of New Jersey by the Multidistrict Litigation Panel.

On June 25, 1999 the District of New Jersey severed the claims of the two intervenors, Patty Allen and Lief Wallace, and

---

1. The intervenors are Texas residents and Prudential is New Jersey corporation.

transferred their causes of action back to this court. Shortly thereafter, the intervenor-plaintiffs filed a Motion for Leave to file a Second Amended Original Complaint. In this complaint, the intervenors sought to add claims against Ed "Too Short" Jones, a Texas resident, who was the agent who sold them the insurance policies at issue in the present suit. The intervenors allege that Mr. Jones is a necessary and proper party to their suit. The defendants argue that Mr. Jones is only being added in an effort to destroy diversity jurisdiction and the intervenors have no reasonable excuse for not naming Mr. Jones in their previous petitions.

## II. Analysis

Mr. Jones is a Texas resident, therefore, his addition to the present suit would destroy this court's subject matter jurisdiction. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Title 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would *destroy* subject matter jurisdiction, the court **may** deny joinder, or permit joinder and remand the action to the State court." (emphasis added). By enacting this section, Congress has given courts two options: Either deny joinder, or grant it and remand the case to state court. David D. Siegel, Comment on 1988 Revision to 28 U.S.C. § 1447(e) (West Supp.1993). Because Mr. Jones' addition to this suit would destroy this court's jurisdiction, this court has the discretion to allow his joinder. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987).[2] In making the determination whether to allow joinder or not, courts should take into account the original defendants' interest in their choice of forum. *Id.* Finally, the court will scrutinize an amendment to include a non-diverse defendant in a removed case more closely than an ordinary amendment. *Id.*

*Hensgens* outlines four factors which guide this court's decision. *Id.* First, the court should consider whether the purpose of the amendment is to defeat federal jurisdiction. Second, whether the plaintiff has been diligent in requesting the amendment. Third, whether the plaintiff will be prejudiced if the amendment is denied. Fourth and finally, the court may take into account "any other factors bearing on the equities." *Id.*

After considering all these factors, it becomes apparent that this court should deny the intervenor's motion to add a new non-diverse party to the suit. This court has recognized that "[w]hen an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." *Whitworth v. TNT Bestway Transp. Inc.*, 914 F.Supp. 1434, 1435 (E.D.Tex.1996) (citing *Hensgens*, 833 F.2d at 1182). In this case, the equities simply do not favor the intervenors. The purpose of the intervenors' proposed amended complaint clearly is to destroy diversity. The intervenors have known about Mr. Jones' role from the beginning of this suit, yet they did not seek to add him as a party until after this case was removed to federal court.

2. *Hensgens* was decided prior to the enactment of § 1447(e). However, the Fifth Circuit has suggested that the *Hensgens* approach is still applicable law. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1275 (5th Cir.1990) (construing the legislative history behind § 1447(e)). Moreover, the district courts in this circuit have continued to follow the *Hensgens* approach. *See, e.g., Johnson v. Sepulveda Properties, Inc.*, No. Civ.A. 99–2312, 1999 WL 728746 at * 2 (E.D.La. Sept.16, 1999); *Bethay v. Ford Motor Co.*, No. Civ.A. 99–0367, 1999 WL 496488 at * 2 (E.D.La. July 13, 1999); *Campagna v. Averitt Express, Inc.*, No. Civ.A. 99–1007, 1999 WL 386652 at *1 (E.D.La. June 10, 1999); *Sharp v. Kmart Corp.*, 991 F.Supp. 519, 526 (M.D.La.1998); *Connoisseur Doors Inc. v. Haney Corp.*, Civ.A. No. 96–CA–146, 1996 WL 156557 at * 1, 2 (W.D.Tex. April 1, 1996); *Smith v. Arkansas Louisiana Gas Co.*, 157 F.R.D. 34, 36 n. 1 (E.D.Tex.1994); *O'Connor v. Automobile Ins. Co.*, 846 F.Supp. 39, 41 n. 2 (E.D.Tex.1994).

■ The intervenors claim that the reason they did not name Mr. Jones as a party earlier was because they could not locate him. However, it is not necessary to know a person's whereabouts in order to name him as a defendant in a suit. The intervenors' original Plea in Intervention alleged that they were "wrongfully and tortiously solicited by agents, employees, and/or representatives" of Prudential. (Plea in Intervention § IV).[3] Therefore, it is clear that the intervenors knew about Mr. Jones' role. Furthermore, the intervenors have not claimed that they did not know who Mr. Jones was—only that they did not know his whereabouts.

In addition, the intervenors will suffer no prejudice from the denial of leave to join Mr. Jones. Prudential should be more than able to satisfy any money judgment that the intervenors might obtain in this action. There can be no concern, therefore, that denial of joinder would deprive the intervenors of a recovery if their claim is ultimately found to be meritorious.

## III. Conclusion

It is therefore, ORDERED, ADJUDGED, and STATED that the Intervenors' Motion for Leave to File a Second Amended Original Complaint is DENIED.

IT IS SO ORDERED.

---

**3.** This original Plea was filed on May 8, 1998 more than one year ago. The intervenors could have sought their Motion to Amend while this case was pending in the multidistrict proceeding in the District of New Jersey.