Ronda D. JOHNSON, Plaintiff,

v.

**PHARMACIA & UPJOHN COMPANY,**
**Defendant.**

**No. 4:99–CV–96.**

United States District Court,
W.D. Michigan,
Southern Division.

Dec. 14, 1999.

Ross E. Chapman, Deming, Hughey, Chapman, Richardson, PC, Kalamazoo, MI, for Ronda D. Johnson, plaintiff.

Sarah Stewart Swallow, Miller, Canfield, Paddock & Stone, Kalamazoo, MI, Pharmacia and Upjohn Company, defendant.

## *OPINION*

QUIST, District Judge.

### *Background*

The Court has before it Plaintiff Ronda Johnson's ("Johnson") Motion for Voluntary Dismissal Without Prejudice or in the Alternative, for Leave to Amend Dismissing Without Prejudice Statutory Civil Rights Claims. Johnson filed this action in Kalamazoo County Circuit Court on July 6, 1999, against Defendant Pharmacia & Upjohn Company ("Pharmacia"). Pharmacia removed the case to this court on July 27, 1999, on the basis of diversity jurisdiction. On October 12, 1999, the Court issued an Opinion and Order denying Johnson's motion to amend her complaint to add certain individual defendants to her claim under the Michigan Persons with Disabilities Civil Rights Act and the Michigan Elliott–Larsen Civil Rights Act and to remand the case to state court. The Court denied the motion because it found that Johnson sought to amend solely for the purpose of destroying diversity in order to deprive the Court of jurisdiction over the matter. Following the Court's denial of Johnson's motion, Johnson filed a suit in the Kalamazoo County Circuit Court against the individual defendants. Johnson now seeks to voluntarily dismiss this case without prejudice pursuant to Fed. R.Civ.P. 41(a)(2) in order to consolidate her claims in this case with those in the state court action.

### *Discussion*

Johnson brings her motion pursuant to Rule 41(a)(2), which provides, in relevant part:

**By Order of Court.** Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions

as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice. Fed.R.Civ.P. 41(a)(2).

Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990) (per curiam). Whether to grant a dismissal pursuant to Rule 41(a)(2) is a matter within the sound discretion of the district court. *See Garner v. Missouri–Pacific Lines*, 409 F.2d 6, 7 (6th Cir.1969). Generally, "a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Financial Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). "Plain legal prejudice" does not result simply because the defendant faces the prospect of defending a second lawsuit, *see Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994), nor does it result simply because the plaintiff may gain some tactical advantage in a future lawsuit, *see Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987).

In *Grover by Grover*, the Sixth Circuit identified four factors which a court should consider in determining whether to grant a voluntary dismissal: (1) the amount of time and effort the defendant has incurred in preparing for trial; (2) any lack of diligence on the part of the plaintiff in prosecuting the action; (3) the plaintiff's failure to explain the need for a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *See Grover by Grover*, 33 F.3d at 718. Given the circumstances of this case, none of these factors, either alone or in combination with one another, weighs in favor of denying the motion.

The first, second, and fourth factors support Johnson's request for dismissal because the case is still in its early stages and minimal discovery has occurred, there was no excessive delay or lack of diligence by Johnson in bringing her motion, and no summary judgment motion has been filed. As for the third factor, Johnson has furnished an adequate explanation for the need to voluntarily dismiss her case: the consolidation of this action with the state court action in one forum.

The Court agrees with Pharmacia that the obvious reason Johnson seeks a voluntary dismissal is to defeat federal jurisdiction. In reviewing the issue, the Court has found a few cases supporting Pharmacia's position that Johnson should not be permitted to use a voluntary dismissal to manipulate federal jurisdiction and deprive Pharmacia from exercising its statutory right to have the case heard in this Court. *See Nogueras–Cartagena v. Rosello–Gonzalez*, 182 F.R.D. 380, 386 (D.P.R.1998) (stating that "[j]ust as a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint, logic compels us to conclude that a plaintiff may not defeat removal jurisdiction by voluntarily dismissing one of the parties" (citation omitted)); *Hinkle's Jeep Sales, Inc. v. Villa Enters., Inc.*, 90 F.R.D. 49, 52 (S.D.Fla.1981) ("The Court, however, agrees with the commentators that the Rules should be further amended to curb the right of voluntary dismissal when such a dismissal is a tactical move to frustrate removal and prejudices a defendant's statutory right to choose the forum"). However, the overwhelming majority of cases that have considered the issue have held that the fact that a voluntary dismissal will destroy federal jurisdiction is insufficient to constitute prejudice to a defendant. *See Templeton*, 901 F.2d at 1276 ("The fact that [the defendant] faces the prospect of trial in state court is also insufficient to demonstrate legal prejudice"); *Davis*, 819 F.2d at 1275 (stating that "the mere prospect of the transfer of litigation to state court was an insufficient basis for denying the motion for voluntary dismissal"); *Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 175 (E.D.N.Y.1997) (mem.op.) (noting that "courts have granted a plaintiff's motion for voluntary dismissal in order to join a non-diverse party, thereby defeating the court's subject matter jurisdiction"); *Katzman v. American Airlines, Inc.*, No. 97 CIV. 8321, 1997 WL 752730, at *1 (S.D.N.Y. Dec.4, 1997) (noting that "even when plaintiffs seek discretionary dismissal under Rule 41(a)(2), nearly all courts grant those dismissals when defendant's only argument against dismissal is that the plaintiff manifestly seeks to defeat

federal jurisdiction"); *Der v. E.I. Dupont de Nemours & Co.*, 142 F.R.D. 344, 346 (M.D.Fla.1992) ("[a]ssuming arguendo that the plaintiffs would gain a tactical advantage by defeating diversity jurisdiction, a tactical advantage is no bar to a voluntary dismissal"); *Galva Union Elevator Co. v. Chicago & N.W. Transp. Co.*, 498 F.Supp. 26, 27 (N.D.Iowa 1980) (rejecting the defendant's contention that the plaintiff's desire to add nondiverse defendants in state court action to defeat federal jurisdiction required denial of motion for voluntary dismissal); *Nance v. Jackson*, 56 F.R.D. 463, 471 (M.D.Ala.1972) (stating that dismissal under Rule 41(a)(2) would be proper even though it would defeat removal jurisdiction).

This Court agrees with the majority of courts that a Rule 41(a)(2) motion for voluntary dismissal should not be denied solely on the basis that federal jurisdiction will be destroyed, because loss of a chosen forum does not amount to "plain legal prejudice." Hence, loss of diversity jurisdiction is not a sufficient basis to deny Johnson's motion.[1] However, the Court may not grant the motion without considering whether the dismissal should be conditioned upon any terms and conditions that are necessary to prevent Pharmacia from being prejudiced. In this circuit, a court may award attorneys fees against the dismissing party when a dismissal is without prejudice for the purpose of "compensat[ing] the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum." *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir.1965). Such an award is within the district court's discretion. *See DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir.1992). However, because the purpose of the award is to ensure that a defendant does not have to defend the case twice, only those fees representing work that could not be used in subsequent litigation on the same claims should be awarded. *See Conafay v.*

*Wyeth Labs.*, 841 F.2d 417, 419 (D.C.Cir. 1988) (per curiam).

Based upon the Court's review of the docket entries and representations by Johnson's counsel, it appears that very little discovery has occurred in this case. Johnson's counsel has also represented that all of the discovery in this case can be used in the state court case. Therefore, the Court will not award any fees for discovery performed in this case but will require that the dismissal be conditioned upon Johnson's stipulation that all discovery which has occurred in this case may be used in the state court case.

The Court does find that an award of fees is at least appropriate for the work Pharmacia's counsel performed in responding to Johnson's motion to amend and remand as well as the instant motion. In addition, the Court finds that Pharmacia is entitled to fees spent for its counsel's attendance at the Rule 16 conference. Finally, Pharmacia is entitled to recover the $150 removal filing fee. The Court will order Pharmacia's counsel to submit an affidavit detailing the amount of time spent on the matters noted above and the hourly rate, and Johnson will be permitted to object to the amount of fees. Once the Court has determined the amount of the award, Johnson may dismiss only by paying that amount to Pharmacia within the time set in the order.

### Conclusion

For the foregoing reasons, the Court will grant Johnson's motion for voluntary dismissal upon the conditions that discovery obtained in this case be allowed as discovery in the state court case and that Johnson pay Pharmacia's attorney fees as determined by the Court.

---

1. The Court's conclusion that the motion should be granted is not inconsistent with its denial of Johnson's previous motion to amend and remand because the two motions involve different standards and different considerations. As the court in *Templeton* observed, "[n]othing in [§ 1447(e) ] or its legislative history indicates that the district court is prohibited from granting a motion for voluntary dismissal under Rule 41(a)(2) simply because the moving party subsequently files a motion to join non-diverse parties. The district court may grant either motion or deny them both. Section 1447(e) only controls the district court's disposition of the motion to join the non-diverse parties." *Templeton*, 901 F.2d at 1275.